# LUDWIG HUTT

*v.*

# JOHN P. BRUCKMAN *et al.*

1. JURY—*should be allowed to settle issues of fact.* If there is any evidence before a jury, tending to prove an issue submitted to them, it is error for the court to exclude it from their consideration. In such case the question is not whether the evidence is sufficient to prove the issue, but whether there is so much evidence tending to prove it, that it should not be excluded.

2. BREACH OF WARRANTY—*application of the damages arising therefrom, to one of a series of notes.* Where several notes were given upon the purchase of personal property, in respect to which there was a warranty, and all the notes have been paid except one, if there be a breach of the warranty, the damages arising therefrom, being equal in amount to the note remaining unpaid, may be applied to the full extinguishment thereof, and will not be regarded as applicable only to the whole series of notes, to be deducted from each in the proportion its amount should bear to the entire consideration of the purchase.

3. REPLEVIN—*when it will lie—what matters may be adjusted therein.* A mortgagee of chattels took the property into possession for non-payment of the last of a series of notes to secure which the mortgage was given, and thereupon the mortgagor brought an action of replevin against the mortgagee to recover the possession of the property. The defendant set up the mortgage and the notes secured thereby, alleging the non-payment of the last of the series, and consequent breach of the condition of the mortgage. To this the plaintiff replied that the notes were given on the purchase from the mortgagee of the property embraced in the mortgage, in respect to which there was a warranty, and that the damages arising from a breach of such warranty equaled in amount the note remaining unpaid, and sought to have such damages applied in extinguishment of that note: *Held,* the replication was good, and the matters involved therein could be properly adjusted in the action of replevin.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of replevin, brought by Hutt, against Bruckman and Bogue, to recover possession of a planing mill and the machinery and fixtures belonging thereto.

It appears that Hutt had previously purchased the property in controversy from Bruckman, and executed therefor his three promissory notes, to secure which he also gave to Bruckman a mortgage on the property purchased. Bruckman set up by plea, the notes and mortgage, alleging the non-payment of the last of the series, and consequent breach of the condition of the mortgage, by reason whereof he took the property into possession, through his agent Bogue, as he had a right to do.

To this plea the plaintiff replied that Bruckman, in making the sale of the property to him, made a warranty in respect thereto, of which there had been a breach, and that the damages arising from such breach of warranty equaled, in amount, the note remaining unpaid, by reason whereof there was a total failure of consideration as to such note.

A demurrer was sustained to this replication, and the cause was tried upon another issue,—that of accord and satisfaction, resulting in a verdict for the defendants. The particular grounds of error alleged are set forth in the opinion of the court.

Messrs. COOPER & PACKARD, for the appellant.

Messrs. ROGERS & GARNETT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment rendered by the circuit court of Cook county, against the appellant, in an action of replevin brought by him to recover possession of a planing mill and the machinery and fixtures thereof, which the appellees had taken possession of under a chattel mortgage.

The only real issue before the jury was, whether there was an accord and satisfaction between the parties.

After all the evidence had been offered on the trial, by either of the parties, the defendants, by their counsel, moved the court to exclude all the evidence of plaintiff, from the jury,

which motion was sustained by the court, and the court told the jury that there was no evidence to sustain the issue on the part of the plaintiff, before them, and orally instructed them to find the defendants not guilty, and property in the defendants.

To which exclusion of evidence and instructions of the court, the plaintiff, by his counsel, excepted.

And the jury thereupon found their verdict of defendants not guilty, and property in defendants.

The first point made by the appellant is, that the court erred on the trial in excluding the evidence of appellant from the jury, and instructing the jury to find a verdict for defendants.

The counsel for the appellees admit this point to be well taken, if there was any evidence tending to prove the issue, before the jury, as settled by *Phelps* v. *Jenkins,* 4 Scam. 48, *Stump* v. *Kelly,* 22 Ill. 140, and *Winne* v. *Hammond et al.* 37 Ill. 99. But they insist there was no such evidence,—that there was no evidence tending to show an acceptance of Bruckman's proposition that he would be satisfied with $2000. It is true, that the language of Hutt's reply to it, that he would do the best he could, is somewhat ambiguous; but in determining the question whether there was an acceptance, not only the language of Hutt is to be looked to, but the act of Hutt in connection with it, is to be regarded. It appears when the boiler gave entirely out, Hutt went to Bruckman to rescind the purchase, and offered to restore back the property, but on Bruckman making the proposition he did, Hutt said he would do the best he could, and immediately left and purchased a new boiler and went on with the mill. Iverson, in his testimony, says: "From Bruckman's house, after that conversation, we went to Schneider's for a boiler, and from thence to Prisig's and bargained for a boiler right away," which tends to indicate that an arrangement had been made, and one which was satisfactory to Hutt.

It is further claimed, that even if it be admitted that Hutt accepted Bruckman's proposition, there is no evidence tending

to show that the agreement was performed; that the $2000, were to be paid in cash, and the payment was not made until the notes fell due. But it is not entirely clear that the $2000, were to be paid presently in cash. Whether it was understood by the parties that it was to be so paid, or on time, and as each of the first two notes fell due, was a very proper question for a jury to determine, from all the evidence in the case. In doing which, the circumstances of the parties might properly be considered, and the fact that the two notes first falling due, would amount when due, with the interest thereon, to just $2000.43, as appears, although the last circumstance might have been a mere accident.

Whether an accord and satisfaction was or was not sufficiently made out, as set up in the replication, is not the question, but whether there was not so much evidence tending to show the same, that the court did not err in refusing to let the jury say, under proper instructions, whether such an accord and satisfaction had been proved.

We think, from a careful examination of the evidence, that there was error in the action of the court in this respect.

Another assignment of error, is, that of sustaining a demurrer to the fourth replication to the fourth plea, which replication was as follows:

"That the consideration for which said three promissory notes and chattel mortgage in said pleas mentioned has in part failed, and the consideration for the promissory note due May 1, 1869, has wholly failed; that the notes and mortgage in each of said pleas mentioned are the same; that the only consideration for which notes and mortgage were given was the one-third interest in a planing mill, and in the engine, boiler and fixtures contained therein, and in the business, being carried on thereat. That said property consisted, amongst other things, of one steam boiler and one siding planer, which defendant, Bruckman, in order to induce plaintiff to join with said Hans Iverson in purchasing defendant's interest and in executing said

notes and mortgage, warranted to plaintiff to be in good order and condition, and good as new, which warranty plaintiff then and there relied upon, and on the same day joined with said Iverson in making said purchase, and continuing to rely upon the same, on February 18, 1869, joined with said Iverson in executing and delivering said notes and mortgage. That at the time of said sale, the said boiler and siding planer were not in good order and condition and as good as new, but were old, worn, defective and worthless, and plaintiff has, since the said purchase and the giving of the said notes and mortgage, been obliged to have the said boiler and siding planer removed and replaced by another and better boiler and siding planer, at a cost to him of more than $2000, and by reason of such old, worn and defective condition of said boiler and siding planer, defendant Bruckman's interest in said property so purchased of him was not worth in value to exceed $1000, and that said partial failure of the consideration for said three promissory notes and chattel mortgage, and the failure of the consideration to the plaintiff on account of his joint interest in said property, exceeded in amount the whole amount of said promissory note due on the first day of May, 1869, and which is the only one of said three promissory notes which remains unpaid, as in said pleas stated, wherefore the consideration for said promissory note due May 1, 1869, has wholly failed, and the chattel mortgage given to secure the same is of no further force or effect; and that on May 1, 1869, plaintiff purchased all of said Iverson's interest in and to said property, and now owns the same and is entitled to the possession thereof."

The objections taken to this replication are, that the facts therein set forth amount only to a partial failure of consideration, and that even if the replication does set forth a total failure of consideration, such a defense is not admissible in this suit.

It is insisted, that under the facts as here set forth, there was a partial failure of the consideration of each one of the

three notes; that Hutt would be entitled to an equal deduction from each note, and from this note, an abatement to the extent of only one third part of the whole amount of failure of consideration, and that he might have a ground of action for money had and received against Bruckman, or, in a proper case, where a set off was admissible, a right of set off in a suit by Bruckman, to the extent of the overpayment on the first two notes.

But this was a single transaction of a purchase of personal property, with warranty, for a price payable in installments, evidenced by notes. All the other payments having been made in full, and the damages arising from the breach of warranty equalling the amount of the last payment, we perceive no sufficient reason why they should not be applied to the full extinguishment of such last payment. There would seem to be essentially a failure of consideration for the payment.

And if not strictly a failure of the consideration of the notes, it could be availed of by way of recoupment of damages. Had the question arisen upon the first note, when it became due, before the others were due or paid, it would have been more embarrassing, but we are not called upon to consider that question.

But it is claimed that such a defense is not admissible in this suit; that it would not have been good at the common law, in an action upon the note, because the *quantum* to be deducted on that account is not a matter of definite computation, but is unliquidated damages; that it is not admissible under our statute, because the section giving it reads, "in any action commenced, or which may hereafter be commenced, in any court of law in this State, upon any note," etc. and that this is not an action commenced in a court of law, upon the note, but an action of replevin, to regain the possession of goods, and the defendants are claiming the possession of the property under the mortgage, and not under the note, and that this court has decided that failure of consideration is not a defense to a *scire facias* to foreclose a mortgage of lands.

Under the earlier English decisions, such a defense might not have been admissible, in an action upon the note, and Hutt could have found redress only in a cross action against Bruckman, but under the relaxation of the old rule, which has obtained in modern times, we think the defense might be made at common law, in an action upon the note. *Withers* v. *Greene,* 9 How. 214.

Because it has been decided that failure of consideration is not a defense to a *scire facias* to foreclose a mortgage of lands, it does not follow that a chattel mortgage may not be shown to be of no force and effect, on account of failure of consideration of the note, the payment of which it was given to secure. That decision was based in part upon the peculiar nature of the remedy by *scire facias,* and that it was founded upon a record.

The debt is considered the principal, and the mortgage as a mere incident to it. Whatever defeats the principal should extinguish the incident.

If appellant had paid the note, surely such payment would have been a complete defense. Any other defense, which shows that Bruckman is not entitled to have payment of the note, would seem to be equivalent to payment, so far as the validity of the mortgage is concerned.

The doctrine that, although upon the adjustment of the rights of the parties growing out of this transaction, Bruckman is not entitled to any more money from Hutt, yet, that by an enforcement of the mortgage alone, satisfaction may be had to the amount of the note, in whole or in part, and that Hutt's only redress is, afterwards, to bring his cross action to recover the money back, does not stand commended to our favor by any sound reason. Whatever ground of defense Hutt may have, for aught we see, may as conveniently be heard and determined in this, as in a subsequent action. Such circuity of action would be attended with expense, delay, and the hazard of the insolvency of Bruckman, in the mean time. We would regard it as but the pursuing of a needless form, at the expense of justice.

The appellant should be allowed the opportunity to assert his proffered defense in the present proceeding, and save his property from being appropriated to the payment of a debt, which, as he claims, he does not owe.

The demurrer to the fourth replication to the fourth plea should have been overruled.

The judgment is reversed and cause remanded.

*Judgment reversed.*