Carmichael *v.* Adams *et al.*

Filed Nov. 26, 1883.

No. 10,476.

CARMICHAEL *v.* ADAMS ET AL.

MORTGAGE.—*Foreclosure.*—*Promissory Note.*—*Trial by Jury.*—*Constitutional Law.*—*Equity.*—In a suit on a note and mortgage, praying foreclosure, there is no constitutional right to a trial by jury.

From the Monroe Circuit Court.

*J. R. East* and *W. H. East,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellees.

ELLIOTT, J.—The provision of the Constitution which declares that "the right of trial by jury shall remain inviolate" does not enlarge the right, but simply ordains that it shall remain as it was when the Constitution was adopted. It preserves a right, but does not extend it. At the time the Constitution was adopted, suits in equity were always, as of right, heard and determined by the chancellor. As the right to a trial by jury did not exist in chancery proceedings at the time the Constitution was adopted, the provision respecting trial by jury does not prohibit the Legislature from declaring that suits in equity may be tried by the court. A suit to foreclose a mortgage was of purely chancery jurisdiction when our Constitution was adopted, and was a suit in which there was no right to a trial by jury.

The provisions of the code of 1881, concerning the trial of equity causes, are constitutional, and do govern suits to foreclose mortgages.

"Where a court of equity has obtained jurisdiction over

Carmichael *v.* Adams *et al.*

some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law." 1 Pom. Eq., section 231. Wherever equity jurisdiction is developed, it continues throughout the entire controversy, and ends only with a complete adjustment of the rights of the parties and the award of full relief. *Phelan* v. *Boylan*, 25 Wis. 679; *Henderson* v. *Dickey*, 50 Mo. 161; *McGowin* v. *Remington*, 12 Pa. St. 56; *Souder's Appeal*, 57 Pa. St. 498; *Oelrichs* v. *Spain*, 15 Wal. 211; *Hepburn* v. *Dunlop*, 1 Wheat. 179. In *Armstrong* v. *Gilchrist*, 2 Johns. Cas. 424, will be found an able review of the earlier cases by Chancellor Kent, and a clear statement of this great principle of equity.

The court, having acquired jurisdiction of the present case as a suit in equity to foreclose a mortgage, was not bound to dissect the suit into separate members, and try each separately, one member as a matter of law, and the other as a matter of equity, but had a right to treat the case as a unity, and as one of exclusive equitable jurisdiction.

There could, in such a case as this—a suit upon a note and mortgage—be no decree without an ascertainment of the amount due on the note, and, therefore, the whole matter was necessarily for the decision of the court. In order to determine whether the plaintiff was entitled to the relief sought, it was absolutely necessary to ascertain that there was a debt secured by the mortgage, for, if there was no debt, there was nothing upon which the power of the court could be exercised. It was not possible to make a step of progress in the decree without settling the question of the defendants' indebtedness.

Where questions are so closely blended and so firmly interlaced as in a suit upon a note and mortgage, there can be no severance and no separate trials. One trial, or, to speak more accurately, one hearing, ends the whole controversy.

It would lead to confusion and injustice to direct separate

trials in such cases. Should a jury find there was no right to recover on the note, and the court adjudge that there was a right to recover on the mortgage, there would then be a conflict not easily overcome. To be sure, the court might set aside the verdict and grant a new trial, but this, after all, would leave the control with the court, and it might just as well be there in the first instance. If, however, it be said that the court may not disturb the verdict, then we should have two conflicting decisions in one case upon the question of the defendant's indebtedness, and in that event no final result could ever be reached.

We know of no case where it can be necessary to go through two trials before different tribunals, one the jury and the other the court, to end one suit, reach one result, and secure one decree. We are not willing to create such a case.

The court below did not err in refusing to give a trial by jury and a hearing by the court.

Judgment affirmed.

Filed Nov. 26, 1883.