No. 1,017.

## Aultman & Co. *v.* Forgey et al.

Replevin.—*Chattel Mortgages.*—*Sale, Warranty.*—*Separate Defenses of Several Defendants.*—*Inure to Benefit of All.*—Where in an action of replevin against several defendants the plaintiff introduces chattel mortgages executed by the defendants, but no one of them joint as to all the defendants, and no one of them covering all the property, the separate defenses made by the different defendants for breaches of warranty made upon the sale of the goods inure to the benefit of all.

Same.—*Breach of Warranty Matter of Defense.*—*May Prove Under General Denial.*—In such case, the breach of warranty constitutes matter of defense, and is available, under the general denial, without an affirmative plea.

From the Howard Circuit Court.

*M. Bell, W. C. Purdum* and *F. W. Babcock,* for appellant.

*D. A. Woods, S. A. Culver, J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellees.

GAVIN, J.—The appellants brought suit against appellees to recover the possession of certain personal property, an engine, separator, horses, wagon, etc. Their complaint is in the ordinary form, alleging that they are the owners and entitled to the possession of the property which is in the possession of and unlawfully detained by the defendants, jointly and severally.

Answers of general denial by the appellees, both jointly and separately, formed the issues, a trial of which resulted in appellee's favor.

The motion for new trial raises the only questions argued here. The appellants made their *prima facie* case by proof of a demand and by the introduction of six chattel mortgages executed by the various defendants on the property claimed, to secure different notes which were also offered in evidence, and appeared to be overdue. Each of the mortgages and notes was signed by some, but none by all, of the appellees. None of the mortgages covered all the property mortgaged.

The appellees, in defense, proved certain warranties as to the quality of the engine and separator for which the mortgage notes were given, breaches of the warranties and damages resulting therefrom, by reason of which they had already paid more than was justly due on the purchase price of the goods sold. Each of these purchases was made by a part only of the appellees.

Appellant's counsel very earnestly and ingeniously argue, first, that the six defendants in the action could not avail themselves of defenses which belonged not to all jointly but to different ones separately; second, that the claims set up by appellees were affirmative causes of action, constituting matter for cross-action and counterclaim, and not admissible under the general denial.

The action of replevin is primarily possessory in its character, and the plaintiff can not recover unless he

Aultman & Co. *v.* Forgey *et al.*

shows the right to the possession. *Rose* v. *Cash*, 58 Ind. 278; *McFadden* v. *Ross*, 108 Ind. 512.

Under our statute, section 357, R. S. 1894, defendants may answer jointly or severally, as the facts set forth in the complaint may require. Each defendant had the right, therefore, to make his own defense, and sustain it by whatever proof he might be able to produce. Cobbey Replev., section 765.

Moreover, since the mortgages, and the debts secured thereby, were the sole support of appellants' claim, whenever they were overthrown, the claim must necessarily fall to the ground. The appellants put forward and practically tendered a separate issue upon each separate mortgage, which had been executed by some, not all, of the defendants. Whenever this mortgage was met and overcome by rights existing in those by whom it was executed, it was overthrown effectually for all.

There is, therefore, no substance in the claim that the defenses did not inure to the benefit of all because they were several.

We are next called upon to determine whether the breach of warranty is available as a defense. In *Love* v. *Oldham*, 22 Ind. 51, it is said: "It seems equally well settled by the authorities that where there is a fraud in the sale of goods, or a breach of warranty, the purchaser may set it up as a defense in an action against him for the purchase-money."

In *Hillenbrand* v. *Stockman*, 123 Ind. 598, it is held that the purchaser may recover damages, or he "may also set up the fraud or breach of warranty as a defense to the action." To the same effect is *Brower* v. *Nellis*, 6 Ind. App. 323.

In *Standley* v. *Northwestern, etc., Life Ins. Co.*, 95 Ind. 254, Judge ELLIOTT says: "A counterclaim very closely corresponds to the cross-bill of the old chancery practice,

but is more comprehensive, for it embraces recoupment."

Recoupment, as generally understood, is purely a defense. Pom. Rem., section 731; Waterman Set-Off, sections 423, 424, 425.

Our statutory counterclaim has, therefore, something of a dual character, being adapted both to offensive and defensive warfare. *Standley* v. *Northwestern, etc., Life Ins. Co., supra; Campbell* v. *Routt, Admr.*, 42 Ind. 410.

In Massachusetts a defendant is permitted to set up against purchase-money notes, a breach of a covenant of warranty by way of recoupment as a defense. *Davis* v. *Bean*, 114 Mass. 358 (360).

In 22 Am. and Eng. Encyc. of Law, 368, the rule is laid down that "the defendant is entitled to elect whether he will set up recoupment or bring his cross-action for damages."

To the same effect are the cases of *Springfield Engine & Thresher Co.* v. *Kennedy*, 7 Ind. App. 502, and *Postel* v. *Oard*, 1 Ind. App. 253.

In Illinois we find a well-reasoned case sustaining the right of the mortgagor to set up breach of warranty in an action for the possession of the property. The case is directly in point establishing the mortgagor's right to set up such breach as a defense. In that case the suit was brought by the mortgagor, who set up his defense to the note and mortgage by way of reply, but the principle of the case meets the proposition under consideration very squarely. "The debt is considered the principal, and the mortgage as a mere incident to it. Whatever defeats the principal should extinguish the incident.

"If appellant had paid the note, surely such payment would have been a complete defense. Any other defense, which shows that Bruckman is not entitled to have pay-

Aultman & Co. *v.* Forgey *et al.*

ment of the note, would seem to be equivalent to payment, so far as the validity of the mortgage is concerned.

"The doctrine that, although upon the adjustment of the rights of the parties growing out of this transaction, Bruckman is not entitled to any more money from Hutt, yet, that by an enforcement of the mortgage alone, satisfaction may be had to the amount of the note, in whole or in part, and that Hutt's only redress is, afterwards, to bring his cross-action to recover the money back, does not stand commended to our favor by any sound reason.

"Whatever ground of defense Hutt may have, for aught we see, may as conveniently be heard and determined in this, as in a subsequent action." *Hutt* v. *Bruckman*, 55 Ill. 441.

The breach of warranty, constituting matter of defense, was available under the general denial without any affirmative plea, because it overthrows the plaintiff's alleged right of possession. This proposition, we think, the authorities abundantly sustain.

"In replevin, as in ejectment, the plaintiff must rely upon his own title, absolute or qualified, and not upon the want of title in his adversary.

Under the general denial, the defendant can offer any evidence tending to show a want of title in the plaintiff." *Davis* v. *Warfield*, 38 Ind. 461; *Branch* v. *Wiseman*, 51 Ind. 1; *Loucheim* v. *Gill*, 17 Ind. 139.

Both the rule and the reason are well expressed in *Yandle* v. *Crane*, 13 Kan. 344: "The gist of the action of replevin is the wrongful detention of the property by the defendant as against the plaintiff, and that under a general denial the defendant may prove anything that will tend to show that he does not wrongfully detain the property as against the plaintiff."

In *Deford* v. *Hutchinson*, 45 Kan. 318, the defendant in an action of replevin by the mortgagee, was held entitled to prove, under the general denial, as a defense only, a sale of the property by her to the mortgagee subsequent to the execution of the mortgage, and his refusal to take the goods and pay the price.

In *White* v. *Gemeny*, 47 Kan. 741: "Any defense the defendant may have had could have been given in evidence under the general denial."

In *Merrill* v. *Wedgwood*, 25 Neb. 283, it is decided that in replevin, under the general denial, the "defendant may give evidence of any special matter amounting to a defense to the plaintiff's cause of action."

In Florida, "Under such plea of the general issue the defendant can give any evidence of special matter which amounts to a defense to the plaintiff's cause of action. The plaintiff, to recover, must show right of possession in himself, and evidence of his want of property or right of possession is admissible under such plea." *Holliday* v. *McKinne*, 22 Fla. 153.

In *Lane* v. *Sparks*, 75 Ind. 278, it is decided that proof that the plaintiff's title was the result of a fraudulent transfer was admissible under the general denial.

In 2 Bates on Pleading, 909, the law is thus declared: "The only answer needed in replevin is to deny all the allegations of the plaintiff. This will admit any defense." Cobbey on Rep., section 825, expresses it thus: "The general denial puts in issue every material allegation of the petition, and under it the defendant may prove any special matter which amounts to a defense to the plaintiff's cause of action." See, also, sections 752 and 753.

As a general rule, in ordinary cases, such a defense ought to be specially pleaded, but we must not lose sight of the issue tendered by appellants in this class of actions, and that is, their right to the possession of the

property. This issue is fairly met by the evidence offered.

The appellants themselves selected the form of action in which they desired to litigate their rights. They might have brought suit to foreclose their mortgages, and thus have devolved upon the appellees the duty of pleading affirmatively any defense which they may have had. Since the appellants preferred the short cut, by way of replevin, we do not see how they have reason to complain of want of notice of the defense.

If they were really surprised and unprepared to meet the issue tendered, their remedy was by a motion for a new trial under subdivision 3 of section 568, R. S. 1894. We do not find the cases cited by appellants to sustain their positions.

The language of the court in *Ruckman* v. *Cowell*, 1 N. Y. 505, meets the objections urged by appellants. "But so far as I can recollect, the rule (that party must plead in order to prove) never applies where the party had no opportunity, in the regular course of pleading, of setting the matter up."

In *Hewitt* v. *Morris*, 37 N. Y. Sup. Ct. 18, which was a suit for conversion, the court holds "the form of the pleading was such, that the defendant was not in a position to set up matter in avoidance of the mortgage in his answer, and one of those cases was presented, where the law allows the matter in avoidance to be given in evidence, without its being pleaded in the answer. It becomes necessary in furtherance of justice." *Young* v. *Glascock*, 79 Mo. 574, seems to us to sustain appellees' contention.

We are of opinion that there was evidence sufficient to sustain the finding of the jury that appellants' agent waived a strict compliance with the terms of the written warranty. *Springfield Engine and Thresher Co.* v. *Ken-*

*nedy, supra.* Whether or not the evidence was credible was for the jury to determine.

What we have already said renders it unnecessary for us to take up the instructions in detail. It is sufficient to say that with the law as we have found it to be, there is no error of which appellants can rightfully complain.

The judgment is affirmed.

Filed March 9, 1894; petition for a rehearing overruled June 20, 1894.