No. 1,260.

## AULTMAN AND COMPANY *v.* RICHARDSON ET AL.

REPLEVIN.—*Evidence.*—*Possession by Mortgagee by Reason of Breach of Condition in Mortgage.*—*Rebuttal.*—*Breach of Warranty.*—Where, in an action of replevin, the defense sought to be established by a mortgage on the property, and evidence of the breach of its condition, was that the defendant was lawfully in possession of the property, the plaintiff had a right to show in rebuttal of this evidence that there was nothing due the defendant by reason of damages accrued to plaintiff on account of a breach of a warranty.

SAME.—*Evidence.*—*Breach of Warranty.*—*Damage.*—*Contract.*—*Fraud.* —*Inadequacy of Consideration.*—In such case, where there was no evidence of the damage on account of the breach of the warranty, defendant's right to possession under the mortgage was not overthrown; and where the evidence shows some consideration in support of the contract, although inadequate, the contract is not void in the absence of fraud.

From the Madison Circuit Court.

*F. W. Babcock, M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*E. B. Goodykoontz* and *G. M. Ballard,* for appellees.

LOTZ, C. J.—This action was brought by the appellees against the appellant and Amos G. Allen and Mary Chapman, to recover the possession of a traction engine, a separator and straw stacker, of which the appellees claimed to be the owners. Allen and Chapman disclaimed any interest in the property. The appellant filed an answer in denial. Appellees had a verdict in which all the property in controversy was found to be of the value of $500. The only questions presented for our consideration arise on the motion for a new trial. It appears from the evidence that the appellant sold to appellees a traction engine for $1,350. As part payment therefor, the appellant took an old engine, at the agreed price of $400, and the appellees executed their notes for the

remainder of the purchase-money, one note being for $200, and two for $375, each due at different times. The appellees, to secure the notes, gave to the appellant a chattel mortgage on the engine, separator, stacker, and a horse. One of the appellees also executed a mortgage on real estate to secure one of the $375 notes. At the time of the sale, the appellant gave to the appellees a written warranty, in which it warranted the machinery to be made of good materials, and, with proper use and management, to do as good work as any other of its size made for the same purpose in the United States. The chattel mortgage contained a condition that in case default should be made in the payment of the notes, or either of them, or in case the mortgagors should misuse the property mortgaged, the mortgagee might take possession of the property and sell or dispose of the same at public auction or private sale, at the option of the mortgagee, and out of the proceeds deduct the expenses of the sale, and apply the remainder to the amount then due or to become due upon the notes; rendering the surplus money, if any, to the mortgagors. The first note became due November 1, 1891. This note remaining due and unpaid, in May, 1892, the appellant took possession of the property named in the complaint, on account of the breach of the condition in the mortgage, and proceeded to advertise the same for sale. This action was commenced before the sale took place.

On the trial of the cause, the appellant gave in evidence the chattel mortgage, and also evidence of the breach of the condition, for the purpose of establishing that it was rightfully in possession.

The appellees in rebuttal gave in evidence the written warranty and other evidence which tended to show a breach of the warranty in that the engine would not do good work, and that the materials were not good, and of

the value of the engine at the time it was taken by appellant. This evidence was admitted over the objection of the appellant, and appellant also moved to strike it out, which motion was overruled. These rulings are properly assigned as causes for a new trial.

The appellant, with much earnestness, insists that it was error to admit this evidence. It is contended that a breach of warranty is a matter of counterclaim growing out of contract, and can not be interposed in an action in replevin, an action in tort; that in no case can it be made available except it be specially pleaded.

In the recent well considered case of *Aultman & Co.* v. *Forgey*, 10 Ind. App. 397, this court decided adversely to the contentions of appellant. A breach of warranty may be used as a cause for an original action, a counterclaim, or as a matter of defense at the option of the warrantee. *Brower* v. *Nellis*, 6 Ind. App. 323; *Springfield Engine & Thresher Co.* v. *Kennedy*, 7 Ind. App. 502.

Whenever a breach of warranty is used as a matter of defense it is by way of recoupment; that is, it cuts back and destroys the plaintiff's right to recover. If, as a matter of fact, at the time the appellant took possession of the property there was a breach of the warranty, and there was as much due the appellees on account of such breach as there was due the appellant on account of the notes and mortgage, then the appellant would have no right to the possession of the property. It is true that this case differs somewhat from the case of *Aultman & Co.* v. *Forgey, supra*. There the breach of warranty was interposed as a matter of defense; here it is interposed in rebuttal to defeat a defense. The principle, however, is the same.

The defense sought to be established by the mortgage, and the evidence of the breach of its condition, was that

the appellant was lawfully in possession of the property. The appellees had a right to show in rebuttal of this evidence that there was nothing due the appellant by reason of the damages accrued to them on account of the breach of warranty. *Hutt* v. *Bruckman*, 55 Ill. 441. There was no error in admitting this evidence.

There was evidence tending to prove a breach of the warranty in that the engine would not do good work, and that it was not composed of good materials, but there is no evidence of the extent of the damages on account of such breach. There is evidence to the effect that the engine was of the value of $200 at the time the appellant took possession of it, but there is no evidence of its value at the time it was sold to appellees, nor is there any evidence as to its value had it been as warranted; nor was there any evidence of fraud. As there was no evidence of the damage on account of the breach of warranty, appellant's right to possession under the mortgage was not overthrown by the evidence in rebuttal, and the verdict is not sustained by the evidence.

The case seems to have been tried in the court below upon the theory that the breach of the warranty constituted a want or failure of consideration for the mortgage, and that the mortgage was, therefore, void. The sale of the engine, with the accompanying warranty, the execution of the notes and mortgages, although done at different times, constituted one entire transaction. When the notes and mortgages were executed, the appellees received what they contracted for—the engine and the warranty. The engine was certainly of some value then. One of the appellees, in his affidavit to the complaint, fixed its value at $600, and on the trial he swore it was of the value of $200, and the jury found it was of the value of $200. There was then no want of consideration. The consideration may have been inadequate, but

inadequacy of consideration, in the absence of fraud, does not render a contract void. Nor was there a failure of consideration, for the appellees still have the engine and the warranty; they still have everything they contracted for.

Judgment reversed, at costs of appellees, with instructions to sustain the motion for a new trial.

