Filed October 29, 1895.

---

No. 1,594.

REICHERT *v.* KRASS, SURVIVING PARTNER, ET AL.

PLEADING.—*Answer.—Cross-Complaint.*—A pleading cannot be both an answer and a cross-complaint.

MECHANIC'S LIEN.—*Foreclosure.—Equitable Remedy.—Counterclaim. —Trial by Court.*—The foreclosure of a mechanic's lien is an equitable proceeding, and matters contained in a counterclaim setting up a breach of the contract which forms the basis of the action, are necessarily drawn into equity, and the whole cause is triable by the court.

Opinion on petition for rehearing by LOTZ, J.

From the Marion Superior Court.

*Cox & Rochford* and *M. Cox,* for appellant.

*Carter & Brown,* for appellees.

LOTZ, J.—This suit was instituted by William Krass, as the surviving partner of the firm of Krass & Grumman, against Charles A. Reichert, Maggie Reichert and the Anheuser-Busch Brewing Association, to foreclose a mechanic's lien on certain real estate owned by Charles A. Reichert, and upon which the brewing association held a mortgage. Upon proper petition the Gambrinus Savings and Loan Association, No. 2, was made a party defendant, it having taken the place of the brewing association as mortgagee.

The cause was tried by the court without the intervention of a jury. There was a finding in favor of Krass in the sum of $744.00, and that the same was a lien on the realty. There was also a finding that the brewing association had no interest in the property, and it is not concerned in this appeal. It was also found that the savings and loan association held a mortgage on the real estate, the lien of which is inferior to that of the appellee Krass but it does not question the correctness of this finding nor join in this appeal. There was a finding in favor of Maggie Reichert.

William Krass alleged in his complaint that the firm of Krass & Grumman entered into a contract with Charles A. Reichert, in which it agreed to furnish the materials and construct and erect for the said Reichert a dwelling and business house and a stable on real estate owned by him, for which he agreed to pay the sum of $3,775.00; and the firm also agreed to build on said realty eight hundred and eighty-six feet of fencing at the agreed price of thirty cents per foot, the contract

price for said work and materials to be paid by Reichert in payments as the work progressed; that said firm fully complied with the agreement; that at the request of Reichert the firm did other work and furnished other materials of the value of $151.00 in addition to that required by the contract; that Reichert never paid the full amount of the contract price, and that there is due on account thereof and on account of the extra work and materials the sum of $723.00, and that they fully performed "all the terms and conditions, agreements and obligations to be by them performed under said agreement."

Charles A. Reichert and Maggie Reichert answered this complaint by a general denial. They also filed a pleading which is denominated an answer and cross-complaint. A pleading cannot be both an answer and a cross-complaint. It must be one or the other. It matters not what name it bears, its character must be determined by its averments. It is therein alleged, in substance, that Charles A. Reichert entered into a contract with the plaintiffs wherein it was agreed that said firm would erect on the same realty described in the complaint a certain building and eight hundred feet of fencing; that in the erection and construction of the building and fencing the firm agreed to use good material and do the work in a good, workmanlike manner; that the firm failed to comply with its contract in that the materials used were decayed and unseasoned, and that the work was not done in a workmanlike manner; that the roof and guttering were so improperly constructed that the water ran into the building, damaging the walls, ceiling, carpets and furniture of the said Reichert; that on account of the firm's failure to comply with the contract he has suffered damages in the sum of $1,500.00. He asked that so much

thereof be set off against the plaintiff's claim as would satisfy the same, and that he have judgment against the plaintiff, and all other proper relief. The contract referred to is the same one set out in the complaint. This pleading, strictly speaking, is a counterclaim or cross-complaint, and not an answer.

The cause being at issue on the complaint and the cross-complaint, and being called for trial, Charles A. Reichert moved the court for and demanded a jury to try the issue joined on his cross-complaint. This motion was denied, to which the said defendant excepted. The ruling on this motion was made a cause for a new trial, and presents the only question for our consideration on this appeal. The appellee's position is that the action to foreclose the mechanic's lien is strictly an equity proceeding and triable by the court without the aid of a jury; that the matters set out in the cross-complaint are properly matters in defense and are necessarily drawn into equity by the complaint.

The grievances complained of in the counterclaim grew out of the same contract and transactions which are the basis of the complaint. The defendant may under such circumstances elect whether he will use the injury he has sustained as a defense by way of recoupment, or he may use it as a counterclaim. *Brower* v. *Nellis*, 6 Ind. App. 323; *Aultman & Co.* v. *Richardson*, 10 Ind. App. 413; *Aultman & Co.* v. *Forgey*, 10 Ind. App. 397. If he use the matter in defense by way of recoupment, he can have no judgment over for any excess of damages. If he use it as a counterclaim he may have judgment over for the excess found due him. But in either event the plaintiff's right to a recovery will be defeated. As the plaintiff's right to a recovery in his equitable action is liable to be defeated by the counterclaim, the whole

controversy is drawn into equity and is triable by the court without the aid of a jury. *Towns* v. *Smith*, 115 Ind. 480 ; *Martin* v. *Martin*, 118 Ind. 227.

It is true that the appellant might have elected to use the breach of the contract set out in his counter-claim as an independent cause of action and have had the issues thereon tried by a jury, but as he voluntarily brought it into an equitable proceeding he will be bound to submit to the rules that govern in such proceedings. The court did not err in overruling the motion.

Judgment affirmed.

Filed May 15, 1895.

### ON PETITION FOR REHEARING.

LOTZ, J.—The appellant has filed a petition for re-hearing and earnestly insists that the judgment of this court in affirming the cause is erroneous. After a more careful consideration of the questions involved, we have reached the conclusion that our former opinion contains some erroneous statements, and it is now modified in accordance with the views hereinafter stated.

The appellant cites and relies upon the cases of *Abernathy* v. *Allen*, 132 Ind. 64 ; *Pedin* v. *Cavins*, 134 Ind. 494 ; *Lindley* v. *Sullivan*, 133 Ind. 588 ; *Jennings* v. *Moon*, 135 Ind. 168 ; *Ross* v. *Hobson*, 131 Ind. 166 ; and earnestly contends that these cases are controlling here. We have examined all the cases cited and think there is a marked distinction between them and the case at bar. The case most nearly in point is that of *Lindley* v. *Sullivan*, *supra*. The set-off or cross-complaint there grew out of a subsequent and different transaction and contract from that declared upon in the complaint.

In the case at bar the complaint declares upon and seeks a recovery under a special written contract, and it is alleged that the plaintiff has fully complied with all

the terms and conditions of that contract. This same contract is made the basis of the counterclaim and damages are sought for the breach of one of its conditions.

The plaintiff was not entitled to a recovery until he showed performance on his part, and when he showed performance he showed that he had not violated the contract in any respect. Appellant's counsel, in support of their petition for a rehearing, say : ''The matters set up by the defendant in his cross-complaint were pleaded because he was compelled to make answer to the plaintiff's action or lose his day in court. If he had not defended and a judgment rendered against him upon the complaint he could not thereafter maintain an independent action upon the matters set out in his cross-complaint. He was compelled to make his defense or lose his remedy. If he had not done so, a plea of former adjudication would have barred any action which he might have attempted to maintain thereafter upon such facts.''

We are impressed with this argument and believe it is supported by the authorities.

The case of *Goble* v. *Dillon*, 86 Ind. 327, was an action against a physician for malpractice. The physician answered, that prior to the action for malpractice, he had instituted a suit against the plaintiff before a justice of the peace to recover the value of his services, being the same services out of which the alleged malpractice arose ; that the plaintiff appeared to that action and filed an answer of general denial, that the cause was tried and he recovered judgment for his services. It was held that the action for malpractice was necessarily involved in the action to recover for the services, and that the judgment rendered was a complete adjudication of the claim for damages on account of the alleged malpractice. The principle announced in that

case has been frequently followed by the supreme court and by this court. *Allen* v. *Jones*, 1 Ind. App. 63; *Howe* v. *Lewis*, 121 Ind. 110.

It is true, as appellant's counsel point out, that by section 412, Burns R. S. 1894 (section 409, R. S. 1881), it is provided that issues of fact in equitable proceedings shall be tried by the court, and that all other issues of fact may be tried by a jury; and that in the case of joinder of equitable causes of action or defenses, with other causes of action or defenses, the former shall be tried by the court, and the latter by a jury, unless waived; and the trial of both may be at the same or different times, as the court may direct. And it is also true that section 354, Burns R. S. 1894 (section 351, R. S. 1881), provides that if any defendant personally served with notice omit to set up a counterclaim, he cannot afterwards maintain an action thereon except at his own costs; still these sections must receive a reasonable construction. If two stipulations in a contract are entirely independent of each other, an adjudication of the breach of one does not necessarily adjudicate the breach of the other. But if the issues are so formed as that a counterclaim is in fact litigated, the defendant will not be permitted afterwards to sue and recover upon the same. Such questions as are within the issues, or such as are essential to a complete determination of the points presented by the complaint are of necessity adjudicated. *Howe* v. *Lewis*, 121 Ind. 110.

This action is not a suit on a common count to recover money due under a special contract, but it is a suit on the contract itself, alleging full performance on the plaintiff's part. The breach set up in the counterclaim was necessarily involved in the complaint. But it does not necessarily follow from this that the appellant was not entitled to a jury trial. This depends upon the nature

of the issues joined on the complaint. If those issues were strictly legal and not of an equitable character, then the appellant was entitled to a jury. If, however, the issues were of an equitable character, the issues joined on the counterclaim were of necessity drawn into equity.

The foreclosure of a mechanic's lien is an equitable proceeding and the matters contained in the counterclaim were necessarily drawn into equity.

If appellant's contention should prevail we might have this anomalous condition: The court in trying the issues joined on the complaint might find that the plaintiff had fully complied with the contract on his part, and the jury in trying the issues joined on the counterclaim might find that the plaintiff did not comply with all the conditions of the contract and assess damages for the breach.

We would then have two separate, distinct and contradictory findings and the adjudications of the same matter in the same action. Such a condition was never contemplated by our code.

Petition overruled.

Filed October 29, 1895.