HENNING ET AL. *v.* RIETH-RILEY
CONSTRUCTION COMPANY, INC.

[No. 20,524. Filed May 19, 1967. Rehearing denied June 1, 1967.
Transfer denied August 7, 1967.]

*Gerald Deller,* and *Deller, Dygert & Friend,* of Angola,
for appellants.

*Wilson E. Shoup,* and *Trennepohl, Berger & Shoup,* of
Angola, for appellee.

SMITH, J.—The appellee, Rieth-Riley Construction Com-
pany, Inc., instituted an action at law against Ethel Henning
and William Sanders, appellants, to foreclose a mechanic's
lien, alleging therein that both appellants entered into a con-
tract whereby the appellee was to furnish material and labor
for the construction of a bituminous pavement of a parking
area for a contract price of $2,554.12. The complaint alleged
that the contract was reduced to writing by the appellant
Henning; and that the appellant Henning leased said real
estate from appellant Sanders, the owner of said real estate.
The complaint further alleged that a mechanic's lien was
filed by the appellee; and that the appellee was compelled to
employ legal counsel. The appellee sought to recover a money
judgment in the sum of $3,500.00; costs of this action; and

a foreclosure of the appellants' respective interests. The complaint did not allege that the appellee had performed all of the conditions of the contract required by the terms of the same, nor that the appellant Sanders had any knowledge, actual or implied, of the contract, the terms thereof, the work and labor to be furnished, and the work and labor actually furnished.

The appellant Henning filed an answer in three paragraphs. The first paragraph being an answer in denial; the second paragraph alleging non-performance by the appellee; and the third paragraph alleging a counterclaim, set-off or cross complaint seeking to recover thereby damages, resulting from the negligent acts of the appellee, in the sum of $500.00.

The trial court entered findings and a personal judgment for the appellee against the appellant, Ethel Henning, and entered further findings against the appellant on her counterclaim. The court made a directed finding and judgment in favor of the appellant, William Sanders.

After the joining of the issues, the trial court set this case for trial by jury, and the appellee filed a motion for trial to court without jury. The appellants objected to trial without a jury, but the court overruled their objection and sustained the appellee's motion that the cause be tried without jury.

The appellant's motion for a new trial was overruled, and she now specifically assigns error to the court's failure to grant her a jury trial for the determination of damages under her counterclaim.

There is abundant authority upon which to base the conclusion of law that this action was not triable by a jury. *Jones Drilling Corporation et al.* v. *Rotman et al.* (1964), 245 Ind. 10, 195 N. E. 2d 857; *Robertson* v. *Sertell* (1928), 88 Ind. App. 591, 161 N. E. 699.

This conclusion is true even though the appellant Henning sets up a purported counterclaim. The whole controversy is drawn into equity and is triable by the court without the aid

of a jury. *Reichert* v. *Krass, Surviving Partner, et al.* (1895), 13 Ind. App. 348, 40 N. E. 706, 41 N. E. 833.

Since the appellant Henning brought the counter-claim into an equitable proceeding, she will be bound to submit to the rules that govern in such proceedings.

The trial court did not err in sustaining the appellee's motion that this cause be tried without a jury, nor in over-ruling the appellant's motion for a new trial.

Judgment affirmed.

Pfaff, P.J. and Bierly, J. concur; Cook, J. not participating.

NOTE.—Reported in 226 N. E. 2d 350.