**FARMERS BANK AND TRUST COMPANY, Appellant-Plaintiff,**

v.

**Bob ROSS, a/k/a Bobby Gene Ross; Verneta Ross, a/k/a Verneta M. Ross; J. B. Glenn Construction Company, Inc., Mutual Building Loan and Savings Association of Owensville, Appellees-Defendants.**

No. 1–879A227.

Court of Appeals of Indiana, First District.

March 10, 1980.

Rehearing Denied April 10, 1980.

---

Russell E. Mahoney, Gray, Stratton & Mahoney, Petersburg, for appellant.

Harry T. Ice, James A. Shanahan, Ice, Miller, Donadio & Ryan, Indianapolis, for amicus curiae.

Daniel J. McGinn, Gerling Law Offices, Evansville, for appellees.

ROBERTSON, Presiding Judge.

Farmers Bank and Trust Co. (Bank) brought action against Bob Ross, his wife and his solely owned corporation J. B. Glenn Construction Co. on unpaid promissory notes and to foreclose a mortgage on certain real estate. Ross counterclaimed for damages, alleging a breach of contract by the bank to loan money to Ross for his excavating business. After the evidence was heard, the trial court gave the case to the jury for decision over the objection of the Bank. The jury granted the Bank's claim in part and granted Ross's counterclaim. The Bank appeals and, because of our determination that reversible error exists, we need decide only one issue. That issue is whether it was error for the trial court to refuse to treat the jury only as an advisory jury.

Ross timely requested a jury trial and our first determination is whether he was entitled to one. We note the Indiana Constitution, Art. 1, § 20, provides, "In all civil cases, the right of trial by jury shall remain inviolate." This phrase, "all civil cases," has been strictly construed as referring to all civil cases which were triable by jury at common law. *State ex rel. Gannon v. Lake County Circuit Court*, (1945) 223 Ind. 375, 61 N.E.2d 168. The result of this construction is bottomed in the historical fact that actions in equity were not tried before a jury, but those in law were.

This basic dichotomy remains in the judicial construction of Ind. Rules of Procedure, Trial Rule 38. *See Hiatt v. Yergin*, (1972) 152 Ind.App. 497, 284 N.E.2d 834. TR. 38(A) states:

> Causes triable by court and by jury. Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction with causes of action or defenses which prior to said date were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct.

*Winney v. Board of Commissioners,* (1977) Ind.App., 369 N.E.2d 661, 663, summarizes the interpretation of this section:

In *Hiatt,* this was interpreted to mean that the right to a jury was dependent upon the claim or cause of action which is stated in the pleadings and that the pleader, for purposes of a jury demand, should keep in mind the traditional distinction between law and equity. The test, then, for deciding the right to a jury in a civil action requires a classification of the claim or cause of action as either sounding in equity or at law. *When this process of classification and analysis leads to the determination that the claim or cause of action, or any essential part thereof, is of equitable jurisdiction, the entire action is drawn into equity and the right to a jury is extinguished.* Conversely, where the claim or cause of action is not such as to invoke equity jurisdiction, it is to be considered to be an action at law where the right to trial by jury must be provided after a timely demand. [Emphasis added.]

■ There is no doubt in Indiana that an action on promissory notes and to foreclose a mortgage or lien is essentially equitable. *Carmichael v. Adams,* (1883) 91 Ind. 526. This is so even though the action on the note is legal. *Carmichael, supra.* It is also clear that once equity has the case, even a counterclaim sounding in law must be tried under the umbrella of equity; in short, there is no right to trial by jury as to the counterclaim. *Fish v. Prudential Ins. Co. of America,* (1947) 225 Ind. 448, 75 N.E.2d 57; *Jones Drilling Corp. v. Rotman,* (1964) 245 Ind. 10, 195 N.E.2d 857; *Henning v. Reith-Riley Construction Co., Inc.,* (1967) 141 Ind.App. 99, 226 N.E.2d 350; *Winney, supra.*

In sum, then, there was no right to trial by jury as to any of the claims presented in this case.

We turn, then, to TR. 39(B) which states:

In any case where there are issues ⸱ ⸱ upon which there is no right to trial by jury as of right, the court may submit any or all of such issues to a jury for trial. The verdict *shall be* advisory unless, before the jury retires, the court, with the consent of both parties or their attorneys, orders that the verdict shall have the same effect as if a trial by jury had been a matter of right.[1] [Emphasis added.]

■ Although we give a presumption to the trial court that it correctly determines the law, *Ernst v. Sparacino,* (1978) Ind.App., 380 N.E.2d 1271, it is clear from the record that the trial court did not treat the jury as advisory. Also, the Bank specifically objected to trial by non-advisory jury. *See also* TR. 39(C). Thus, the trial court committed error.

One final question remains as to how to treat this error by the trial court. Ross argues that the Bank must show prejudice resulting from the error. *See* TR. 61. We disagree. TR. 39(B) states explicitly the jury "shall be advisory". To require the objecting party to show prejudice from submission of the case to the jury would be, in effect, to require the objecting party to show the jury's decision was contrary to law. Such a result would make a nullity of TR. 39(B).

Also, Amicus argues cogently that there is inherent prejudice in the submission of the case to a non-advisory jury because of the different standard which the trial court uses in considering error and in entering a contrary judgment on the part of the non-advisory jury as opposed to an advisory one. TR. 59(E)(7) states in part:

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject

---

1. The previous statute, Burns Ann.St. § 2–1204, from which TR. 38(A) is taken, contained the following proviso:

  Provided, That in all cases triable by the court as above directed, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury.

  This proviso is deleted in TR. 38(A) but its offspring can be found in TR. 39(B) quoted above.

to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

For these reasons we reverse the trial court.

Reversed and remanded for further action not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.