## HARROLD *v.* FUENFSTUECK.

[No. 4,426. Filed June 5, 1903.]

APPEAL AND ERROR.—*Evidence.*—A verdict can not be disturbed on conflicting evidence. *p. 275.*

SAME.—*Briefs.*—*Rules of Court.*—Alleged errors in the admission of testimony and the giving and refusing to give certain instructions will not be reviewed on appeal, where counsel for appellant in the preparation of their brief failed to comply with the fifth subdivision of rule twenty-two, requiring "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." *p. 276.*

From Laporte Superior Court; *H. B. Tuthill,* Judge.

Action by Minnie Fuenfstueck against John Harrold. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. R. Collins* and *J. B. Collins,* for appellant.
*J. F. Gallaher,* for appellee.

BLACK, J.—This was an action brought by the appellee against the appellant to recover for board and lodging furnished and washing done by the former for the latter for a period of a number of years.

It is assigned here that the court erred in overruling the appellant's motion for a new trial. The recital of evidence in appellant's brief shows a conflict upon the material facts, such that the verdict can not be disturbed on the grounds stated in the motion for a new trial—that it is not sustained by sufficient evidence, and that it is contrary to law.

Harrold *v.* Fuenfstueck.

Counsel for the appellant assert in their brief that the court erred in giving instructions to the jury, and in refusing to give an instruction asked by the appellant; also, in relation to the admission of testimony.

It is insisted earnestly by counsel for the appellee that the appellant has not presented any of these matters adequately, because of failure to comply sufficiently with the rule of this court relating to the contents of the appellant's brief, which, under the fifth subdivision of rule twenty-two, must contain, in the order there indicated, before any argument in support of the brief, "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript."

Counsel for the appellant, in their brief, have indicated the numbers of the instructions concerning which it is claimed the court erred, and, in connection with the numbers, have referred to pages and lines of the transcript; but they have not set out any of the instructions, or stated succinctly or otherwise the substance of any instructions. Concerning alleged errors in the admission of testimony, counsel for appellant, in their brief, have made references to reasons in the motion for a new trial, stating the numbers and the substance of the reasons, indicating pages and lines of the part of the transcript containing the motion for a new trial; but they have not, in their brief, in any instance, indicated by pages and lines, or otherwise, the places in the bill of exceptions where the testimony in question, the objection and exception, and the ruling of the court may be found. The objection of counsel for the appellee must be sustained because of such insufficiencies in the brief for the appellant, which, in general, is quite inadequate, leaving this court to search the record and to perform the work of the attorney.

Judgment affirmed.