WEBSTER CITY STEEL RADIATOR COMPANY, Appellant v. A. W. CHAMBERLIN, ET AL., Appellees.

**Mechanics' liens:** AS AGAINST TENANT IN POSSESSION. A tenant who
1    constructs an improvement for his own use and benefit, with the knowledge and consent of the owner of the property, is an owner within the meaning of the mechanics' lien law, and a lien will lie for materials purchased by him with which to make the improvement.

**Same:** LIABILITY OF PURCHASER. A personal judgment should not be
2    entered against a purchaser of property subject to a mechanic's lien, who has not assumed or agreed to pay the claim.

**Same:** SUFFICIENCY OF PETITION. Where the statement for a me-
3    chanic's lien is attached to and made part of the petition in an action to enforce the lien, and it recites that the materials were furnished under a contract with the owner, it is sufficient; although the petition fails to allege that the materials were furnished under a contract with the owner.

**Same:** DISCHARGE IN BANKRUPTCY. A discharge in bankruptcy will
4    not amount to a defense to an action to enforce a mechanic's lien, where the account was not scheduled and the creditors had neither notice nor knowledge of the proceedings in bankruptcy.

*Appeal from Webster District Court.*— HON J. H. RICH-
ARDS, Judge.

TUESDAY, MARCH 17, 1908.

ACTION in equity to foreclose a mechanic's lien. The decree gave plaintiff a judgment against the defendant A. W. Chamberlin, but denied a lien. Both parties appeal. The plaintiff will be designated appellant.—*Affirmed* in part, and *reversed* in part.

*Boeye & Henderson,* for appellant.

*Wesley Martin,* for appellees.

BISHOP, J.— Some time prior to 1902, defendant A. W. Chamberlin leased ground at Stratford, Hamilton county, and constructed thereon in part a brick manufacturing plant. In December of that year he conveyed the unfinished plant to his son E. L. Chamberlin, a farmer living near Stratford, and the bill of sale was made a matter of record. In March, 1903, said A. W. Chamberlin proceeded to put the plant in condition to be operated, and this, as he says, with the permission of his son. In connection therewith, he purchased of plaintiff a bill of hardware materials and goods which were used in completing the plant. In June, 1903, plaintiff filed its statement for a mechanic's lien. Later in the year, E. L. Chamberlin conveyed the plant to the defendant David Rose. In the petition it is alleged as against Rose that as part consideration for his purchase he assumed and agreed to pay the account due plaintiff. E. L. Chamberlin was not made a party to the action. The defendant A. W. Chamberlin answered, admitting the account sued upon, but pleaded as a complete defense his subsequent discharge in bankruptcy. The defendant Rose admitted his purchase of the plant, but denied his assumption of the account due plaintiff. Further, he alleged that at the time of the purchase of the materials in question E. L. Chamberlin was the owner of the plant, and the defendant A. W. Chamberlin had no interest therein. A. W. Chamberlin was called by plaintiff as a witness, and he testified to the correctness of plaintiff's account, and further: " I wanted to use it (the hardware) in the manufacturing of brick and tile, and put it in the factory. That is what I purchased it for. I did not need to tell Merrill (manager of plaintiff company) what I wanted it for. He wanted to sell the material for that purpose." The witness further stated that his son frequently came to his home and knew that he had purchased the material in question for the pur-

pose of putting the plant in condition to operate. And, further, " he knew I was operating the plant."

I.   The statute gives a lien to every person who shall furnish any materials or machinery for any building, erection, or other improvement upon land.   An essential pred-

**1. MECHANICS'** icate for a lien is a contract with the owner
**LIENS: as**
**against** or his agent, under which the materials or
**tenant in**
**possession.** machinery are to be furnished.   Code, section 3089.   An owner within the meaning of the statute is any person for whose use or benefit any building, erection, or other improvement is made.   Code, section 3096.

We have then the question on plaintiff's appeal whether A. W. Chamberlin, a tenant in possession, who constructed an improvement for his own use and benefit — and this with full knowledge and approval of his landlord — comes within the statutory definition of an owner.   If he does, then a lien should be allowed as against the improvement into which the materials purchased by him entered.   If he does not — and there being no claim of contract with any other person — there must be a denial of the right to a lien. On this point, we think the case is ruled by *Estabrook v. Riley,* 81 Iowa, 479.   It there appeared that Estabrook erected a building for his own use on lands owned by his daughter, and this with the daughter's consent.   And it was held that he was such an owner as the law contemplates for making contracts to be followed by a mechanic's lien.   It follows that in the instant case the court was in error in refusing a lien on the improvement erected by the defendant Chamberlin.

There was no error in refusing a personal judgment

**2. SAME:** against Rose.   There was no evidence that
**liability of**
**purchaser.** he had assumed or agreed to pay plaintiffs' account; he simply bought the plant subject to the lien existing thereon.

Counsel for defendants, however, insist that the decree

was without error because the petition did not allege that the materials were furnished pursuant to a contract with 3. Same: the owner or his agent. It is true that the

**3. Same: sufficiency of petition.**

petition proper does not in formal phrase allege a contract with A. W. Chamberlin as owner. But attached to the petition and expressly made a part thereof is a copy of the statement for lien, and therein it is asserted that the materials were furnished under a contract with A. W. Chamberlin, owner. This was sufficient. The case is to be distinguished from *Scott v. Union County,* 63 Iowa, 583, relied upon by counsel, in that there the annexed exhibit was not made part of the petition.

II. Coming now to the appeal of defendant Chamberlin, we think the court rightly decided that the bankruptcy discharge did not amount to a defense in this action. It ap-

**4. Same: discharge in bankruptcy.**

pears that plaintiffs were not given formal notice of the bankruptcy proceedings, and their claim was not scheduled in the court in which such proceedings were pending. Section 17 of the federal bankruptcy act (Act July 1, 1898) expressly exempts from discharge all claims that have not been duly scheduled, unless the creditor " had notice or actual knowledge of the proceedings in bankruptcy." Defendant relies upon actual knowledge on the part of plaintiffs. But the record does not show it. The only evidence looking in that direction is to the effect that the attorneys who were employed by plaintiffs to file their statement for a lien were subsequently employed by defendant in the bankruptcy proceedings. Even if there was any theory having support in reason or authority on which it could be said from this that plaintiff became chargeable with actual knowledge of such proceedings, it could not avail here, as it is the undisputed evidence that the omission to schedule the claim was pursuant to an understanding between defendant and the attorneys.

On defendant's appeal, the decree is affirmed. On plaintiff's appeal, in so far as such decree denies personal

judgment against the defendant Rose, it is affirmed; in so far as it denies to plaintiffs a lien and foreclosure thereof, it is reversed.

*Affirmed* in part, and *reversed* in part.