## Sullivan & Langston Co. et al., Appellants, v. William A. Richardson et al., Appellees.

## Gen. No. 16,453.

1. MECHANIC'S LIENS—*against whom may be awarded.* A lien may properly be awarded against the owner of land who authorizes and knowingly permits his lessee to make alterations therein.

2. MECHANIC'S LIENS—*when claim need not be filed within four months.* As against lessees and an owner who has authorized and knowingly permitted such lessees to make alterations a lien claimant is entitled to enforce his claim if he has filed the same within two years of the completion of his work.

Mechanic's lien.   Appeal from the Superior Court of Cook county; the HON. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1910.   Reversed and remanded with directions.   Opinion filed April 19, 1912.

J. A. COLEMAN, for appellants.

CHARLES A. WARD, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The main question presented by the record and briefs is whether or not the court erred in dismissing the bill of complainants for mechanic's liens as to U. Grant Dailey, a defendant, for want of equity. The decree is in other respects claimed to be erroneous by the fifth assignment of error.

Defendants below, William A. Richardson and U. Grant Dailey, leased from Israel and Eva Topper, defendants to the bill, the premises known as No. 3230 State street, Chicago. The lease was in writing, and it authorized the lessees to remove the front of the building and make any other alterations in the building they desired. The defendants, Richardson and Dailey, were jointly interested in the lease and the business of conducting a five-cent theatre in the premises covered thereby as co-partners, although the formal written articles of co-partnership were not prepared and signed by them until after the lease was taken, and work on the alterations and improvements of the building had been commenced. Richardson, acting for the firm, made contracts for the improvements with The Illinois Metal Ceiling & Supply Company and the Sullivan & Langston Co. for different parts of the work necessary to adapt the building to a theatre. The work was done to his satisfaction but was not paid for. The Illinois Metal Ceiling & Supply Co. completed its work June 22, 1908, and filed its claim for lien August 22, 1908. The Sullivan & Langston Co. completed its

work July 11, 1908, and filed its claim for lien November 10, 1908. The claims were filed against Richardson, Israel Topper and Eva Topper, without naming U. G. Dailey therein. On October 30, 1909, each claimant filed an amended claim naming Dailey as one of the parties against whom it was filed.

Appellants filed their bill to enforce their mechanic's liens, making William A. Richardson, U. Grant Dailey, Israel Topper and Eva Topper defendants. The defendant, U. Grant Dailey, answered and replications were filed. The cause was referred to a master in chancery. On consideration of the master's report and exceptions to it filed by the defendant Dailey the court overruled the exceptions in its decree except as to this: "The court finds that neither of the said complainants filing a claim for lien as to the said defendant, U. Grant Dailey, within four months after the completion by them respectively of the furnishing of the material and doing of the work under their respective contracts; that the said defendant, U. Grant Dailey, is not an owner within the purview of the statute in such cases made and provided, and for these reasons, and these reasons only, that said respective complainants are not entitled to recover as to said defendant, U. Grant Dailey, either in equity or as at law, and therefore orders that the joint and several bill of complaint of the complainants be dismissed as to said defendant, U. Grant Dailey, for want of equity, and at the costs of said complainants."

The record is in a jumbled condition. The above decree was entered on January 15, 1910. December 14, 1909, the court ordered that the exceptions of Dailey to the master's report be sustained. On January 13, 1910, the court ordered and decreed that the petition for mechanic's lien filed by the complainants be dismissed as to defendant U. Grant Dailey at the costs of the petitioners. Dailey was therefore out of court by

the record when the decree appealed from was entered. He, however, follows this appeal and enters his appearance in this court in this appeal, and files a brief. No appeal was prayed for or allowed from the order of January 13, 1910, and no assignment of error is made on that order.

The tenth clause of the lease from Israel Topper to Richardson and Dailey provided:

"It is further covenanted and agreed that said second parties shall be allowed to remove the front of said building and make any other alterations they see fit," etc.

Under this clause of the lease the evidence shows that Richardson & Dailey through Wiliam A. Richardson entered into contracts with the complainants respectively for the labor and materials set out in the respective claims of the complainants, and in their bill of complaint set forth, and that Israel Topper and Eva Topper, his wife, were the joint owners of the real estate described in the lien claims and the bill of complaint on April 20, 1908, the date of the lease; and that they authorized and knowingly permitted the defendants Richardson and Dailey to enter into the contracts with the complainants for the labor and materials for the removal of the front of the building and other alterations therein.

The complainants perfected their liens under the act of 1903 by filing their claims for liens within two years of the completion of their contracts respectively. (Sec. 7 of the Act.) Richardson was one of the several owners within the meaning and purview of the law, Dailey, Israel Topper and Eva Topper being the other owners. Sorg v. Crandall, 233 Ill. 79. It follows that the decree was erroneous in declaring that the complainants were not entitled to liens as against the defendant U. Grant Dailey, for the reason that they had not filed their claims for liens naming him as an owner within four months after the completion of their contracts respect-

ively.   The decree is accordingly reversed and the cause is remanded with directions to the court below to take such proceedings not inconsistent with the views herein expressed as it may deem proper.   No decree should be entered against U. Grant Dailey, however, until he is again brought into the case.

*Reversed and remanded with directions.*