DENNISTON & PARTRIDGE COMPANY, Appellant, v. VIOLA BROWN et al., Appellees.

**MECHANICS' LIEN:** Permanent Improvements on Leased Premises. Real estate is subject to a mechanics' lien for permanent improvements placed upon the land by a tenant under a lease providing for such improvements by the tenant, with proviso that the same shall belong to the owner upon the termination of the lease. Especially is this true when the owner is immediately active in causing the improvements to be made.

**MECHANICS' LIEN:** Minors. A minor's interest in real estate is not subject to a mechanics' lien, in the absence of a showing that the minor was represented in the making of the improvement by his or her duly authorized and acting guardian. (See Sec. 3089, Code, 1897.)

*Appeal from Jasper District Court.*—JOHN F. TALBOTT, Judge.

APRIL 4, 1918.

ACTION to enforce a mechanics' lien. The district court dismissed plaintiff's petition. Plaintiff appeals.—*Reversed and remanded.*

*Tim J. Campbell,* for appellant.

*A. D. Pugh* and *Ross R. Mowry,* for appellees.

GAYNOR, J.—This action is to foreclose a mechanics' lien on certain property owned by the defendants jointly. The defendants Alice and Elizabeth Sherbon are minors. The defendant Viola G. Brown is the widow, and the other defendants are heirs direct, of one James Brown, deceased, who, at the time of his death, was the owner of this property. The widow, Viola G. Brown,

1. MECHANICS' LIEN: permanent improvements on leased premises.

owns a one third, and the other heirs, the other two thirds in common. Prior to the furnishing of the material involved in this suit, the widow and these heirs rented the property in question to a corporation known as the Victoria Sanitorium. This corporation took possession of this property, and one of these heirs or owners, to wit, Florence E. Sherbon, became and was its secretary, treasurer, and manager, had general charge of its business, and was in possession and control of the property for the corporation. She testified:

"My mother and sister were in California. The other children are minors. My mother and my sister left matters in my charge, both as to the Brown estate and the Victoria. The improvements and repairs were made by the Sanitorium under the lease from the Brown heirs (the defendants), and the arrangement was that the Sanitorium was to make the repairs and improvements."

While so in possession of the property, she employed one Charles Nelson to erect certain buildings on it, and was present when the buildings were put up. The material furnished for these buildings was purchased from the plaintiff by Nelson, and was used in the construction of the buildings. The buildings consisted of a barn, with a foundation under it, a "lean-to" to the kitchen, and a chicken yard. The material furnished by the plaintiff for these structures was charged by it on its books to the Victoria Sanitorium. The material, however, was used in making these permanent improvements upon defendants' land, with consent of the owners. Miss Florence Sherbon, called in this record Dr. Sherbon, was present, and saw the buildings constructed. Her sister, Mrs. Maude A. Brown, was present part of the time.

There is no question in this record that Florence Sherbon made the contract with Nelson for these improvements upon this particular property. There is no question that

the plaintiff furnished the material that went into the improvements. It does not appear affirmatively for whom Florence Sherbon acted, in making her contract with Nelson for these improvements. She was one of the owners of the property. It had been leased to the Victoria Sanitorium. The Victoria Sanitorium was in possession under the lease. Florence Sherbon was its secretary, treasurer, and manager. It appears that the plaintiff had a running account with the Victoria Sanitorium, and that, after these goods were purchased by Nelson for these structures, the material was charged to the Victoria Sanitorium. The lease under which the Victoria Sanitorium held possession of the property is not in the record. It was made by these defendants to the Sanitorium Company. The evidence is that these improvements were to be made by the Sanitorium Company under the lease, under some arrangement with defendants, and that the arrangement was that the Sanitorium Company was to make repairs and improvements. It does appear from the testimony of Florence Sherbon that at least her mother and her sister left her in charge, in a general way, both of this property, which is called the Brown estate, and of the Victoria Sanitorium; that she was in possession with their authority, and with authority from them to take charge, in a general way, of the property; that, while she was in possession, she ordered these permanent improvements to be made; that, when they learned of these improvements, they made no objection to her action in placing them upon the property.

As to these other defendants, the minors, Alice and Elizabeth, there is no showing in this record that they had a guardian, or were represented by a guardian in any of the transactions here involved. In the absence

2. MECHANICS'
   LIEN : minors.

of any showing of authority to bind them, we cannot assume that they are bound by any matters involved in the right to enforce a claim against

their estate, such as is sought to be enforced here. As to these minor defendants, we think the plaintiff has made no showing entitling it to the foreclosure of any lien as against their interest. But as to these adult heirs (defendants), a different question arises. They entered into a contract with this Sanitorium Company by which they gave the Sanitorium Company possession of these premises, under an arrangement that the Sanitorium Campany was to make repairs and improvements upon the premises leased. This they had a right to do. It also appears from this record that the property in question, called the Brown estate, which evidently means the real estate which came to these defendants through the death of their ancestor, was placed in charge of Florence by these adult defendants. The extent of her authority over the estate is not given in the record. It is said that they left matters in her charge, in a general way, both as to the Brown estate and the Victoria Sanitorium. We assume, and must assume, that it was left in her charge either as secretary, treasurer, and general manager of the Sanitorium Company, or as the representative of the owners. The lease to which these defendants were parties required the Sanitorium Company to make repairs. We may assume that the authority for what she did is found in this lease, given by the owners to the Sanitorium Company. The right to make repairs and improvements, then, came through the lease to the Victoria Sanitorium, and through it to Florence. All the authority came from defendants. So we may rightfully assume that it was under this authority granted the Sanitorium Company that she acted in making the contract with Nelson. The authority, therefore, came from these adult defendants to make these improvements. The exercise of the authority granted bound these defendants. The record is not as explicit on these points as we would like to have it, but we think enough is in the record to justify our conclusion that

Florence Sherbon acted for the Sanitorium Company and for these adult defendants in contracting for these improvements. Here, the defendants were the owners of the property. They leased it to the Victoria Sanitorium, and contracted with the Sanitorium to put permanent improvements upon the leased premises. The permanent improvements put upon the premises reverted to the owner, upon the termination of the lease. It would open the door to great fraud in practice to allow the owner of property to lease it to another, contract with the other to put on permanent improvements,—improvements that are only valuable when standing upon the property,—and then say that the materialmen and the laborers who place these permanent improvements upon defendant's property have no claim against the property, and must go unrewarded if the tenant is insolvent. It would be an invitation to short leases with agreements in the lease that the tenant should build permanent structures upon the premises during the term of the lease, and this without jeopardizing any interest which the owner had in the property, while he greatly profited from the transaction. The owners had a right to put these structures upon the land. They contracted with the Sanitorium to make these improvements upon the land. The improvements were made under the authority granted, and in pursuance of the authority given. It would be inequitable to hold that the materialmen and the laborers should, under a state of facts as shown here, be deprived of the benefit of a statute made for their protection. They have parted with their property, it has enhanced the value of the defendant's property, authority was given by the defendants to make the improvements, and we think that the interest of these adult defendants in the property should be held for the improvements.

As tending to support the conclusion we have reached, see *Nellis v. Bellinger*, 6 Hun (N. Y.) 560; *Ward v. Nolde*,

259 Mo. 285; *Moore v. Jackson,* 49 Cal. 109; *Sullivan & Langston Co. v. Richardson,* 169 Ill. App. 578; *Webster City Steel Radiator Co. v. Chamberlain,* 137 Iowa 717; *Janes v. Osborne,* 108 Iowa 409; *Ehrhardt Bros. v. Columbia Candy Co.,* (Mo.) 186 S. W. 1113.

Under the record here made, we think the plaintiff had a lien, and was entitled to enforce it against the interests of the defendants Viola G. Brown, Florence Sherbon, and Maude A. Brown, and that a decree should have been entered by the district court to that effect.

The cause is reversed and remanded for a decree in conformity with this opinion.—*Reversed and remanded.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.