## MANCOURT v. WISSEL ET AL.

[No. 12,041. Filed January 29, 1925. Rehearing denied April 9, 1925. Transfer denied June 26, 1925.]

1. MECHANICS' LIENS.—*Laborers and materialmen may acquire lien on landlord's interest for repairs ordered by tenant when lease requires tenant to make repairs as part of consideration thereof.*—Where, by the express terms of the lease, a tenant was required to make certain repairs to the leased building, including repairs on the heating plant, and the expenditure therefor was a part of the consideration for the lease, laborers

making repairs on the heating plant and materialmen fur-
nishing materials therefor under contract with the tenant may
acquire a lien against the interest of the landlord.    p. 317.

2. APPEAL.—*Rendering judgment on cross-complaint not proper
assignment of error, and the finding of the court on the cross-
complaint can be challenged only by motion for new trial.*—
There is no authority for assigning as error the action of the
court in rendering judgment on a cross-complaint, and unless
the finding of the court on the issues stated in the cross-com-
plaint are challenged by the motion for a new trial, no ques-
tion as to such issues is presented on appeal.    p. 319.

3. EVIDENCE.—*Errors in admission of evidence waived by failure
of objection and exceptions.*—Errors in the admission of evi-
dence are waived unless objections were made to the evidence
and exceptions taken to the action of the court in admitting it.
p. 320.

From Vigo Superior Court; *William T. Gleason,*
Judge.

Action by Charles W. Wissel and another against
Martha I. Mancourt and another. From a judgment
for plaintiff, the named defendant appeals. *Affirmed.*
By the second division.

*Cooper, Royse, Bogart & Gambill,* for appellant.

*John O. Piety* and *William F. Elliott,* for appellees.

NICHOLS, J.—Action by appellees Wissel and Christ-
man against appellant and appellee Powl, for the fore-
closure of a mechanic's lien.

Appellees Wissel and Christman charge that they
made certain repairs on a heating plant, which was lo-
cated on real estate belonging to appellant, and that
such repairs were ordered by appellee Powl, under a
lease between appellant and appellee Powl, whereby ap-
pellee Powl agreed, at her own expense, to make
necessary repairs on the leased property, including the
heating plant, expending therefor not less than $1,800.
The suit was originally brought against both appellant
and appellee Powl, but was later dismissed as to Powl.

Appellant's demurrer to the complaint was overruled
and thereupon she filed answer to the complaint first a

general denial and an affirmative answer alleging that appellant had never contracted with appellees Wissel and Christman for the repairs on the heating plant, and that they did the work for which the mechanic's lien is sought to be foreclosed under an agreement with appellee Powl, which agreement was made in accordance with the terms of a lease between appellant and appellee Powl, wherein appellee Powl agreed to make necessary repairs to the heating plant at her own expense. A demurrer to this paragraph of answer was sustained.

Appellant also filed a cross-complaint against appellee Powl setting up the lease, and asking that if any judgment be rendered against appellant on account of the repairs to the heating plant, the property of appellee Powl be first exhausted before the property of appellant be attached.

Appellee Powl filed a cross-complaint against appellant alleging that appellant had falsely represented to appellee Powl that the heating plant was in good condition, and asked that appellee Powl be awarded judgment against appellant in such sum as appellee Powl might be required to pay appellees Wissel and Christman, and that any judgment rendered against appellee Powl be satisfied from the interest of appellant in the real estate. However, as noted above, the action was dismissed as to Powl.

There was trial by the court which resulted in a judgment against appellant for $1,720 and foreclosing the mechanic's lien, and against each of the cross-complainants on their respective cross-complaints. From this judgment, after appellant's motion for a new trial was overruled, this appeal.

There is little dispute with reference to the material facts involved in this appeal, and the same question of law arises with reference to the overruling of the demurrer to the complaint, to the sustaining of the de-

murrer to the second paragraph of answer, and, under the motion for a new trial, as to whether or not the decision of the court is sustained by sufficient evidence and is contrary to law.

The evidence shows, so far as here involved, without any substantial conflict, that appellant was, in 1923, and still is, the owner of a lot in the city of Terre Haute upon which there was situated a three story brick building; that the lower floor of the building was occupied as store-rooms, with the exception of one room which was called the office; that the upper floors of the building were used as a hotel; that in the early part of 1923, appellant gave to one Huston authority to obtain a tenant for the hotel part of the property owned by her; that soon after Huston had received authority to obtain a tenant for the premises, appellant turned over to her brother E. M. Mancourt, of Detroit, Michigan, the authority to make arrangements for the renting of these premises, and Huston thereafter communicated with him concerning the leasing; that in February, 1923, Huston entered into negotiations with appellee Ida Powl for the renting of the hotel part of the premises; that at the time Huston and appellee Powl were negotiating with reference to the lease, it was understood by appellee Powl that the premises were in bad repair, and that it would be necessary for her to make extensive repairs prior to occupying them. After some negotiations, during the course of which Huston told her that the furnace in the premises was in first class condition, and that appellant had told him that if she rented the premises he could guarantee the furnace to be in first class condition, and that appellant had told him that she had spent over $600 in repairing the furnace and it had never had a fire in it, the following agreement with reference to the repairs was written in the lease: "As part of the consideration of this lease, the lessee

agrees to make all repairs to the building before moving in, which includes papering and painting all rooms, making all necessary repairs to plumbing to put it in sanitary and useful condition, necessary repairs to heating plant, repairs to lighting fixtures, keeping interior woodwork of building in good repair; making a total expenditure of not less than $1,800 on said repairs prior to April 1st; making an expenditure of not less than $1,800 which shall be evidenced by receipted bills for lessor's inspection and returned to lessee."

Shortly after March 1, appellee Powl started to make repairs on the leased premises in accordance with the provisions of the lease, and discovered that the boiler of the heating plant had been frozen and that it would be necessary to make extensive repairs on it in order to make it useful. She then went to Huston, told him about the condition of the boiler and told him that she believed that appellant should put the boiler in workable condition on account of the fact that appellee Powl had been informed by Huston during the negotiations that the boiler was in good condition. Huston told appellee Powl that he would write to E. M. Mancourt, the brother, with reference to fixing the boiler, but that, in the meantime, he thought that appellee Powl should proceed and have the boiler repaired, and advised her to go to appellees Wissel and Christman and have them make the necessary repairs. Huston did write to E. M. Mancourt with reference to repair of the boiler, but he repudiated any responsibility with reference to the condition of the boiler and wrote that appellee Powl would have to have the boiler repaired at her own expense.

Under these facts, it is apparent that, if appellant is liable, it is because of the stipulations of the lease

1. under which and as a part of the consideration therefor, appellee was to make an expenditure of

not less than $1,800 in repairs, including repairs on the heating plant. Denying the right to a mechanic's lien, appellant contends that materialmen and laborers making improvements on real estate under a contract with the tenant cannot acquire a mechanic's lien against the interest of the landlord, and that the fact that the landlord had knowledge of and consented to the action of the tenant in making the improvements will not estop the landlord from denying liability. Appellant cites numerous authorities that sustain this proposition of law, the latest of which is *Holland* v. *Farrier* (1921), 75 Ind. App. 368. But these authorities, though sound in principle, are not in point under the circumstances of this case. Here, by the express terms of the lease, appellee Powl was, as a part of the consideration for the lease, to make repairs on the building, including repairs on the furnace, of not less than $1,800. Appellant, contending that she owes nothing to appellee Powl, so contends because the repairs to the furnace were to be made under the foregoing provision of the lease. Under such circumstances, the rule that must govern is thus stated in *Arctic Lumber Co.* v. *Borden* (1914), 211 Fed. 50: "It is the general rule that where a lease contains a provision authorizing the lessee to make improvements 'by deducting the cost thereof from the rent, or where part of the consideration of the lease is the making by the lessee of improvements which become a part of the realty, or that the improvements made by the lessee shall revert to the lessor, a mechanic's lien may attach to the property for work done or materials furnished, pursuant to a contract with the lessee.'" Other authorities to the same effect are: *Myers* v. *Strowbridge Estate Co.* (1916), 82 Ore. 29, 160 Pac. 135; *Ward* v. *Nolde* (1914), 259 Mo. 285, 168 S. W. 596; *Carey-Lombard Lumber Co.* v. *Jones* (1900), 187 Ill. 203, 58 N. E. 347, 350; *Hacken* v. *Isenberg* (1918), 210 Ill. App. 120; *Bar-*

*clay* v. *Wainwright* (1878), 86 Pa. St. 191; *Hall* v. *Parker* (1880), 94 Pa. St. 109; *Denniston, etc., Co.* v. *Brown* (1918), 183 Iowa 398, 167 N. W. 190; *Laird* v. *Moonan* (1884), 32 Minn. 358, 20 S. W. 354.

Numerous other authorities might be cited, but we deem these sufficient, as this court, in *Rader* v. *Barrett Co.* (1915), 59 Ind. App. 27, 108 N. E. 883, has announced the same principle. In that case, one Smith and his wife held a contract of purchase from appellants for the real estate upon which it was sought to foreclose a mechanic's lien, one of the conditions of which contract was that the Smiths were to expend, within sixty days from the date of the contract, $500 for the improvement of the property, and appellants were not to be liable therefor. If the Smiths failed to consummate the purchase, they were to forfeit the sum so expended. They did so fail to consummate the deal, and surrendered possession to appellants. In an action to foreclose a mechanic's lien for material and labor furnished the Smiths, appellants contended, as here, that they did not authorize the furnishing of the material used and the labor performed, that they were the owners at the time the material and labor was furnished, and that a foreclosure was unwarranted. But the court held, in effect, that the contract by which the appellants required the Smiths to expend the $500 amounted to more than mere inactive consent, and sustained the trial court in its decision foreclosing the mechanic's lien.

Appellant has assigned as error the action of the court in rendering judgment for appellee Ida Powl on the cross-complaint of appellant against said appellee. There is no statute that authorizes such an assignment of error and no question is presented thereby. Under appellant's assignment that the court erred in overruling her motion for a new trial, no question has been presented as to the decision of the court

upon the issues joined upon appellant's cross-complaint against appellee Powl. We, therefore, do not consider the merits of the controversy between appellant and appellee Powl on such cross-complaint.

Numerous objections are made to the admissibility of evidence on this appeal, but we find no objection in the record to any of such evidence and no exception by appellant to the action of the court in admitting it. The error, therefore in that regard, if any, is waived.