ROBERTSON *v.* SERTELL.

[No. 12,689. Filed March 9, 1928. Rehearing denied June 8, 1928. Transfer denied February 15, 1929.]

592

*Bingham & Bingham,* for appellant.
*William L. Taylor* and *Jackson Carter* for appellee.

NICHOLS, J.—This was an action by appellee against appellant to recover for work and labor done and material furnished, and to foreclose a mechanic's lien therefor upon a leasehold interest owned by appellant, for remodeling a building upon the real estate leased, pursuant to the terms of a written contract therefor, upon which contract for remodeling, it was alleged there was

a balance due of $4,121.72, with accrued interest. Appellant sought by counter-claim to recover damages for inferior workmanship, material and special damages resulting from leakage by reason of defective workmanship on the roof of said building, and, by way of set-off, to recover liquidated damages for failure to complete the work within the period fixed by the terms of the contract for said remodeling, and for money expended at appellee's special instance and request.

Appellant's motion to strike out parts of the complaint and his demurrer to the complaint were each overruled. There was a trial by the court, which resulted in a finding for appellee in the sum of $3,064.33 and $450 attorney's fees, making a total of $3,514.33, and that appellee has and holds a mechanic's lien therefor, including costs against the leasehold interest of appellant, on which finding there was a judgment for appellee for said amount, and for a foreclosure of the mechanic's lien, with an order of sale of the leasehold interest.

Errors relied upon for reversal are the errors of the court: (1) In overruling appellant's motion to strike out parts of the complaint; (2) in overruling appellant's demurrer to the complaint; (3) in overruling appellant's motion for a new trial; (4) in overruling appellant's motion to modify and correct the judgment.

Appellant, presenting errors of the court, as we assume, both in overruling his motion to strike out parts of the complaint, and in overruling his demurrer to the complaint, says that the lease to appellant prevented the enforcement of any mechanic's lien on the part of appellee. But we do not so interpret it. As we read the lease, it prohibits the enforcement of any mechanic's lien "against said real estate or the buildings or improvements erected thereon." This provision of the lease, which clearly was for the protection of the

lessor, and not appellant, could not affect appellee's right to a mechanic's lien on appellant's leasehold interest, which right of appellee would not in any way be a trespass on the lessor's rights.

Appellant says that the notice of intention to hold a lien was not filed within sixty days of the contract date for the completion of the work. But the statute, §9833 Burns 1926, provides that the notice may be filed "at any time within sixty days after performing such labor or furnishing such material." The notice was filed within the statutory time. The notice described the real estate upon which appellee had performed his work and furnished the material, but it did not specify that a lien was intended only on appellant's leasehold interest therein. The complaint so averred. This was sufficient to cover appellant's interest therein.

Appellee had a right of action to foreclose a mechanic's lien. Such actions are not triable by a jury. *Albrecht* v. *Foster Lumber Co.* (1890), 126 Ind. 318, 26 N. E. 157; *Reichert* v. *Krass* (1895), 13 Ind. App. 348, 40 N. E. 706, 41 N. E. 835.

Under his motion for a new trial, appellant contends that the recovery is excessive because attorney's fees are included. The statute provides for the recovery of such fees. §9837 Burns 1926.

Appellant also contends that the recovery is excessive because he should recover liquidated damages for delay in completing the work according to contract. There was a controversy in the evidence as to these matters, and the court decided it against the appellant's contention. We will not weigh the evidence. Numerous questions and answers, with appellant's objections to their admission or exclusion, appear in appellant's motion for a new trial as set out in appellant's brief, and, having read them as they there appear,

we are of the opinion that even if the alleged errors with reference thereto were properly presented, no reversible error would be presented; but these questions and answers, objections thereto, or exceptions to the rulings of the court do not appear elsewhere in appellant's brief. Rule 22 of the Supreme Court and of this court expressly requires that the appellant's brief shall contain a concise statement of so much of the record as presents the errors relied upon. Failure to comply with this rule waives the error assigned. It is not sufficient that such questions and answers, objections thereto, and exceptions appear only in the motion for a new trial. *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132; *Harrold* v. *Fuenfstueck* (1903), 31 Ind. App. 275, 67 N. E. 699.

The court will not go beyond appellant's brief in quest of error to reverse the judgment below. *Huber Mfg. Co.* v. *Blessing, supra; Judy* v. *Wood* (1912), 51 Ind. App. 325, 99 N. E. 792.

We do not therefore consider these alleged errors. No reversible error is presented.

Judgment affirmed.