BETTER HOMES COMPANY *v.* HILDEBRAND HARDWARE COMPANY ET AL.

[No. 25,903. Filed May 14, 1930.]

*Vesey, Shoaff & Hoffman* and *Colerick, Jackson & Parrish,* for appellant.

*Leonard, Rose & Zollars, Shambaugh & Shambaugh, L. B. Harper* and *J. Oscar Clem,* for appellees.

GEMMILL, J.—This action was instituted by the Hildebrand Hardware Company, a corporation, to secure a personal judgment against appellees George F. Bennett and Peoples Trust and Savings Company, trustee, in the sum of $500; and to foreclose a mechanic's lien against the real estate described in the complaint and owned by the appellant Better Homes Company, a corporation. Other parties, now appellees, were made defendants, as holders of liens or mortgages against the real estate. Before trial, the Hildebrand Hardware Company became insolvent and was declared a bankrupt. The First National Bank of Fort Wayne, trustee in bankruptcy for the Hildebrand company, was substituted as plaintiff for it. A second paragraph of complaint was filed, in which personal judgment was asked against Bennett and the Better Homes Company, and judgment for foreclosure of the lien. Various defendants filed cross-complaints to foreclose their liens against the real estate. The court made a special finding of facts, upon which it stated its conclusions of law. The court found in favor of the plaintiff and the cross-complainants against Bennett personally, and found liens upon the real estate of the appellant Better Homes Company, described in the complaint and cross-complaints. Judgment was rendered accordingly.

It is assigned as error that the court erred in overruling separate motions of appellant for new trial on the complaint and the cross-complaints, that the court erred in overruling motions of appellant to modify two of the judgments, and the court erred in its various conclusions of law.

Some of the material facts, specially found, are as follows: That the First National Bank of Fort Wayne, Indiana, trustee in bankruptcy for the Hildebrand Hardware Company, is the plaintiff in the place and stead of said Hildebrand Hardware Company; that on

September 19, 1925, Bennett conveyed the real estate in question to the Better Homes Company, and that it became and still is the owner in fee-simple of said real estate; that prior to September 19, 1925, Bennett had undertaken to build a house on said real estate, and on that day, said house was partially constructed; that after Bennett conveyed said real estate to the Better Homes Company, on September 19, 1925, they entered into a written agreement containing the following provisions: The Better Homes Company agreed to sell and convey by warranty deed to Bennett the real estate therein described, for the sum of $10,000, and subject to all taxes and assessments; of said purchase price, the receipt of $3,725 was acknowledged, and the balance of $6,275 was to be paid in successive monthly installments of $63 each; Better Homes Company was given the right, while holding the title to said property, to execute a mortgage or mortgages thereon for an amount not to exceed the balance due on the contract; the parties contemplated the erection on said premises of a dwelling house and other improvements, and the Better Homes Company, upon the demand of Bennett, was to advance toward the construction cost of such improvement an amount of money not to exceed $5,500, and, in the event of such advancement, Bennett agreed that he would erect upon said premises a dwelling house and other improvements according to plans and specifications that should first be submitted to and approved by the Better Homes Company; the construction of such improvements and the time and methods of payment therefor should at all times be subject to approval by Better Homes Company; in the event of the erection of such improvement, Better Homes Company should not be responsible to Bennett for any failure or default on the part of any contractor or subcontractor performing any portion of the work, and Bennett should save the company free

and harmless from any and all mechanics' liens claims, claims for damages, or any liability of any sort arising out of the construction of such dwelling house and improvements; should the Better Homes Company be called upon to pay and should it pay any claims for labor or materials used in the construction of such dwelling house and other improvements in excess of the sum to be advanced, the amounts so paid by it were to be added to the principal; should such dwelling house and improvements to be erected as aforesaid cost less than the proposed construction, then the Better Homes Company should give Bennett credit on the principal for an amount equal to the difference between the amount actually advanced and the sum it was obliged to advance; Bennett was not bound to purchase the premises or pay the principal sum except at his option; the Better Homes Company, on December 17, 1925, executed a mortgage in the sum of $5,000 upon said real estate to the Citizens Trust Company, and thereafter the Better Homes Company paid out more than $5,500 for the construction of the dwelling house; Bennett abandoned the construction of same and failed to finish its construction, and the Better Homes Company took possession of the house and finished it at its own expense; all the parties claiming to have mechanics' liens upon the real estate started to furnish materials or labor before the execution and recording of said mortgage; on or before November 15, 1925, the First National Bank, trustee for plaintiff Hildebrand Hardware Company, at the request and direction of Bennett, commenced the installation of a furnace in said house and did install same; and on March 15, 1926, it filed its notice of its intention to hold a lien on said premises, in the office of the recorder of Allen County, which was duly recorded; and it was entitled to recover as principal $305, as interest $23.25, and as attorney's fee $145.40—a total of $473.95. The

cross-complainants, having liens, were entitled to recover as follows: Edwin W. J. Yergens and Ralph G. Thompson, doing business under the firm name of Henry Franke Lumber Company, $1,136.44; Fort Wayne Builders Supply Company, $143.18; Adam Fiedler, $255.19; Emanuel Lehman, $248.65; Henry N. Leykauf, Otto P. Leykauf and Calvin J. Leykauf, doing business under the firm name of Leykauf & Sons, $458.60.

Upon the special finding of facts, the court stated its conclusions of law as follows: That the option contract between the Better Homes Company and Bennett, executed September 19, 1925, was sufficient to make the defendant Bennett either the agent of the Better Homes Company to complete the dwelling house, or to be such active consent on the part of the Better Homes Company as to subject its interest in said real estate to the mechanics' liens of the plaintiffs and cross-complainants; that the defendant Citizens Trust Company held a mortgage upon the real estate for the principal sum of $5,000 and interest thereon, which mortgage was subsequent and inferior to the mechanics' liens; that the plaintiff and cross-complainants holding mechanics' liens were entitled to judgments against Bennett for the respective amounts due them, and for the foreclosure of their liens and sale of the real estate of the Better Homes Company for the payment of the amounts due them. Judgment was entered accordingly.

It is the contention of appellant that a person holding land under a contract of purchase cannot create a lien thereon which will defeat the title of the vendor. Whether the estate of a vendor of land is liable to a mechanic's lien on a contract for a building or other improvement thereon made with the vendee in possession depends upon the language of the statute and also on the relation, if any, of the vendor to the contract

for the improvement, as consenting to or authorizing it, or requiring it to be made.  18 R. C. L. 896, §25.

Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of the property.  But where the vendor has been active and instrumental in having the improvements made, the lien will attach to the real estate where the vendee failed to carry out his contract of purchase. *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind. App. 27, 108 N. E. 883; *Holland* v. *Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823.  In *Guiou* v. *Ryckman* (1906), 77 Nebr. 833, 110 N. W. 759, 124 Am. St. 877, it was held that if a vendor and his vendee co-operate in plans for the erection of improvements upon real estate covered by their agreement, the interest of the vendor, as well as that of the vendee, is bound for the payment of liens for labor and materials furnished for such improvements.

In the instant case, there was much more than inactive consent upon the part of the owner of the real estate. The contract stated that the parties, who were Better Homes Company and Bennett, contemplated the erection on said premises of a dwelling house and other improvements.  The Better Homes Company was to advance $5,500 to complete said house, and it advanced more than that sum.  Bennett was to protect the company from mechanics' liens, and if he did not do so, the amount paid by the company was to be added to the purchase price.  Bennett had only an option to purchase and was not bound to purchase the property or pay the principal sum agreed to be paid by him, except at his option.  The plans and specifications for the dwelling house and other improvements were first to be submitted by Bennett to the owner and approved by it; and the construction of the improvements and the times and methods of payments therefor were at all times to be subject to approval by it.  And the

company made some payments for work or materials for the house directly to the parties entitled to same. The court did not err in its statement of law that the option contract was sufficient to make Bennett either the agent of the Better Homes Company to complete said dwelling house on said real estate, or to be such active consent on the part of said company as to subject its interest in said real estate to the mechanics' liens.

The evidence was sufficient to sustain the finding of facts. It does not appear from appellant's brief that the court erred in overruling the motions to modify two of the judgments. The court did not err in its rulings on the motions for a new trial, and did not err in any of its conclusions of law.

The judgment is affirmed.