BUTZ ET AL. *v.* LYLE ET AL.

[No. 14,989.   Filed October 16, 1935.   Rehearing denied January 8, 1936.]

*Neal, Williams & Ullum,* for appellants.

*Cloe, Campbell, Cloe & Cloe,* for appellees.

KIME, J.—Appellant, Alfred P. Butz, was appointed and qualified as guardian of Glenn B. Lyle, an incompetent person, on November 14, 1925, at which time the assets of said guardianship consisted of $490.86 in cash. Each month this guardian, as such, received from the United State government, as compensation for his said ward, who was a war veteran, the sum of $20.00. On November 3, 1927, appellant, as such guardian, filed his current report and resignation. The report, in part, disclosed that the surety on the guardian's bond is the American Surety Company; that $850.00 in United States Liberty bonds formed a part of the assets of said estate, but through a daylight robbery these United States Liberty bonds, among others, were taken and that only $85.00 (being a proportionate share of the unidentified bonds recovered) was recovered from the surety company, and that for that reason $765.00 of Liberty bonds belonging to said guardianship are unaccounted for and that he, as such guardian, should not be held accountable for such loss, as the bonds were handled by him in as secure a way as could be done and as an ordinarily prudent officer would do. Exceptions to this report were filed by the administrator of Veterans' Affairs. The court accepted the report and resignation of the appellant, as guardian, but found that there was due the ward, from said guardian, $670.00, being the difference between the loss of $765.00 and $95.00 for services rendered by said guardian to the trust and an allowance was made in the sum of $35.00 for legal services rendered by attorneys to said guardian on behalf of

said ward. The court then ordered the guardian to file an amended report according to the findings in its decree and the guardian declined to do so. Thereupon the court entered the following order:

"It is, therefore, considered, ordered, adjudged and decreed that said Glenn B. Lyle, a ward of this court, recover of the said Alfred P. Butz the sum of $670.00, and that the said Alfred P. Butz shall pay to the clerk of this court, or to the guardian of Glenn B. Lyle hereinafter to be appointed by the court, said sum of money for the use and benefit of Glenn B. Lyle, incompetent; to which finding and judgment of the court the said Alfred P. Butz individually and as such guardian objects and excepts, and said current report of said guardian is in all other respects approved. And the allowance to the law firm of Cloe, Campbell, Cloe & Cloe of thirty-five dollars, for legal services rendered.

And the court now accepts the resignation of Alfred P. Butz as such guardian of Glenn B. Lyle."

Appellant's motion for a new trial, the overruling of which is assigned as error here, contained the properly assigned grounds that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

The evidence disclosed that the guardian was the cashier of the Fisher National Bank; that the bonds, which were unregistered fourth liberty loan bonds, were kept in a safe in the bank; that they were kept in a small envelope marked "Bonds of Glenn B. Lyle, Guardian account," which small envelope, in turn, was placed in a larger envelope containing other small envelopes in which were securities belonging to others. The guardian had a list of the serial numbers of the bonds in the envelope in which the bonds were when taken. Other bonds belonging to the bank were taken at the same time as the bonds in question. The robbery took place during the day, at

which time the safe was standing open; that a bond belonging to a customer of the bank and kept in the same large envelope as the bonds herein, was registered and was identified and returned to her upon recovery thereof; that the guardian had no means or way of identifying the bonds; that after the robbery the guardian did not notify the Veterans' Bureau of the robbery until about May 22, 1930, although it took place February 24, 1930; that he did not notify the bureau sooner, as he expected the robbers to be caught most any minute.

The only question herein involved is, is there sufficient evidence from which the trial court could find that the appellant, as guardian, in the administration of the affairs of his ward, did not use the degree of care that an ordinarily prudent man would employ in his own affairs of like nature?

Whether or not the guardian here, in the administration of the affairs of his ward, used that degree of care as an ordinarily prudent man employs in his own affairs of like nature is a question of fact and the right to determine facts from the evidence, in the case at bar, lay within the province of the court. He heard all the evidence and it was also his right to draw from the facts and circumstances any reasonable inferences which the evidence tends to establish. *Keenan Hotel Co.* v. *Funk* (1932), 93 Ind. App. 677, 177 N. E. 364.

There is evidence to the effect that the guardian had a list of the serial numbers of the liberty bonds in question but that that list was in the same envelope as the bonds were and was taken at the same time by the robbers. There is also undisputed evidence that the bonds were unregistered but that there was in this same large envelope a registered liberty bond belonging to a customer of the bank, which bond was, upon recovery, identified and returned to the owner.

In view of the evidence that the bonds herein were not registered and that no list of the serial numbers of the bonds were kept separate and apart from the bonds themselves we are unable to say that there is no evidence from which the trial court might have inferred (as the decision indicates he did) lack of such care, in regard to the protection of the assets of the estate of appellant's ward, by appellant, as an ordinarily prudent man employs in his own affairs.

This court can not weigh the evidence and since there is some evidence to sustain the decision of the trial court, we hold that the motion for a new trial was properly overruled.

The judgment of the Hamilton Circuit Court is in all things affirmed.