MORGAN *v.* BRIGHTWOOD LUMBER COMPANY ET AL.

[No. 15,219. Filed April 14, 1937. Rehearing denied June 16, 1937. Transfer denied September 24, 1937.]

*Kane, Blain & Hollowell,* for appellant.

*J. Fred Masters* and *Emanuel E. Buckler,* for appellees.

KIME, J.—This is the second appeal in this case by this appellant. In the first case this appellee together with others sought to foreclose mechanics' liens held by

them against certain property owned by the appellant. (*Morgan* v. *Henry Brick Company* [1931], 92 Ind. App. 478, 176 N. E. 237.) Following the reversal of that case this cause was venued to another county. Following the sustaining of a demurrer to the complaint two of the plaintiffs declined to plead further and the appellee, Brightwood Lumber Company, filed an amended complaint in two paragraphs seeking the foreclosure of its mechanic's lien. To this complaint appellants answered in two paragraphs (1) general denial and (2) setting up a lease entered into between appellant and one Everett. Brightwood Lumber Company filed a reply in general denial to the second paragraph of answer. There then followed a trial by the court and upon proper request the court made a special finding of facts and stated its conclusions of law thereon. Following a motion for new trial judgment was rendered in favor of the Brightwood Lumber Company and the court ordered sale of the property, the proceeds from which were to be applied to satisfying the judgment. The grounds of the motion for new trial were that the decision was not sustained by sufficient evidence; that it was contrary to law and that the court's special finding of facts numbered 3 and 5 were not sustained by sufficient evidence. This motion was overruled and this action, together with the independently assigned error that the court erred in its conclusion numbered 2 are the errors relied upon here for reversal.

The finding of facts discloses that Morgan was the owner of the premises described, and that in the first part of August, 1927, he and one Everett entered into an oral agreement relative to the erection of a filling station on the premises, and that building material in the amount of $171.35 was furnished by the Brightwood Lumber Company therefor; that the parties to said contract engaged in a joint enterprise; that sometime later·

they entered into a written lease relative to the premises, which lease was set out in full in the special finding of facts but needs not be set out here.

The appellant contends, under the errors relied on by him for reversal, that the decision was not sustained by sufficient evidence and that it was contrary to law, that the theory of the complaint was changed when the complaint was amended in the Shelby Circuit Court, and for that reason the judgment is contrary to law and not sustained by sufficient evidence. The theory of the original complaint in the Hancock Circuit Court was exactly the same as the theory of the amended complaint in question here, as is disclosed by the opinion of the court above referred to, both being for the foreclosure of mechanics' liens. The evidence is sufficient to sustain the finding of facts and the decision of the court is not contrary to law for this reason.

Findings numbered 3 and 5 are as follows: "That during the first part of August, 1927, the defendant Jesse E. Everett had a conversation with the defendant Joseph R. Morgan concerning a proposed lease of the above described real estate for the erection and operation of a gasoline filling station; *that it was orally agreed to enter into a twenty year lease* to said defendant Everett in *the near future,* and that said Everett was to begin the erection of said station as soon as possible; that the defendant *Everett would pay for all materials,* and that the defendant *Morgan would pay for* all labor on the construction other than Everett's personal labor.

"That the defendant Morgan permitted the defendant Everett to use in said filling station all salvage materials from the wrecking of an old barn on said real estate; that he frequently visited said work of construction while under way, that he advised with said defendant Everett concerning the details thereof; that the said defendant Morgan paid for all labor other than

defendant Everett's own labor; that he never directly had any dealings with the plaintiff Brightwood Lumber Company; that it was of material benefit to the defendant Joseph R. Morgan to have said building erected, and that he was active and instrumental in having the improvements made, and *that said parties were engaged in a joint adventure.*" To be absolutely sure that both these findings were sustained by sufficient evidence we have read the entire bill of exceptions containing the evidence and find that there is ample evidence to sustain them.

The conclusions of law insofar as they are material here were as follows: "1. That the law is with the plaintiff, Brightwood Lumber Company, as against the defendant, Jesse E. Everett, that said plaintiff should recover personally against said defendant the sum of $471.35, plus interest in the sum of $167.22, making a total of $638.57, and costs; that said plaintiff has a mechanic's lien to secure the same on and in any interest which said defendant has in and to the brick veneer gasoline filling station and real estate upon which the same is situated as described in finding No. 2, that said lien should be foreclosed, and out of the proceeds thereof said plaintiff should recover the further sum of $135.00 as attorneys' fees.

"2. That the plaintiff Brightwood Lumber Company should recover nothing personally against the defendant Joseph R. Morgan, but that the law is with the plaintiff and against said defendant Joseph R. Morgan as to any interest which said defendant may have in and to the real estate described in finding No. 2; that said plaintiff Brightwood Lumber Company has a mechanic's lien in and on said brick veneer gasoline filling station and the said real estate and that any interest which said Joseph R. Morgan has therein is subject thereto; that said lien should be foreclosed, and out of the proceeds

thereof the total sum of $773.57 as above stated should be paid said plaintiff."

The appellant under his independent assignment of error says that the court erred in its conclusion of law number 2 for the reason that these two conclusions are inconsistent, but we can see nothing inconsistent therein. The court properly concluded that the plaintiff below should not have had a personal judgment against the appellant but very properly concluded that the interest of the appellant in said real estate was subject to the judgment that was rendered.

The case of *Lengelsen* v. *McGregor* (1903), 162 Ind. 258, 70 N. E. 248, was a case very similar to the case at bar and is authority for the sustaining of the judgment here. The complaint there charged a joint liability against the landowner and another as it does here and the court correctly held that the property was justly chargeable with the lien.

In the case of *Better Homes Company* v. *Hildebrand Hardware Company* (1929), 202 Ind. 6, 171 N. E. 321, the court said (p. 11) : "Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of the property. But where the vendor has been active and instrumental in having the improvements made, the lien will attach to the real estate where the vendee failed to carry out his contract of purchase." This is applicable to the case at bar where the evidence discloses and the court found that the appellant was active and instrumental in having the improvements made and appellant cites no valid reason or authority why the judgment should not be allowed to stand as rendered by the trial court.

Finding no reversible error, the judgment of the Shelby Circuit Court is in all things affirmed.