AMERICAN ISLAM SOCIETY, INC. *v.* BOB ULRICH DECORATING INC., ET AL.

[No. 18,682. Filed March 6, 1956.]

*Robert H. Moore* and *Mor N. Oppman,* of Gary, for appellant.

*Eugene H. Haviland* and *James P. Gleason,* of Michigan City, for appellees.

PFAFF, P.J.—This is an appeal from a judgment foreclosing a mechanic's lien against the appellant for labor and materials used to make alterations and improvements on a building owned by the appellant.

After trial of the issues the court rendered judgment in favor of Bob Ulrich Decorating, Inc., for the sum of $2410.35, together with $266 attorney's fees; a judgment in favor of Eddy Esbey doing business as Eddy Esbey Plumbing and Heating Service for the sum of

$6740, together with $667 attorney's fees; and a judgment in favor of Wilbur Marquiss, doing business as Marquiss Electric, for the sum of $2594.64, together with $291 attorney's fees. Foreclosure of the mechanic's lien was ordered and the real estate of the appellant ordered sold to satisfy the judgments.

The error assigned in this court is the alleged error in overruling appellant's motion for new trial. Under such assignment the appellant contends that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The facts most favorable to appellees, as shown by the record, disclose that the appellant, American Islam Society, Inc., was the owner of a tract of real estate in the city of Michigan City, Indiana, and commonly known as the Fairview Hotel; that during the year 1951 Rose Feder and Hattie Bennett leased the real estate in question from the American Islam Society, Inc., for a period of five years beginning on the 1st day of October, 1951, and ending on the 1st day of October, 1956; that said lease, among other things, contained the following provisions:

"All interior and exterior decorating maintenance and remodeling shall be done at the expense of the Second Parties, who shall have the right to make alterations in the interior and on the exterior of said premises at their own expense reasonably and consistent with their use and occupancy of the premises, provided, that the Second Parties will promptly pay all bills for labor and materials in making any repairs, improvements, or decorations therein, and provided further, that they will save the First Parties harmless from any mechanic's liens to be filed against said above described premises for labor or materials furnished in making such repairs, improvements or decorations. . . . The second parties shall within sixty (60) days from the date of signing of this agree-

ment make the following alterations and repairs, to-wit: rewiring of the entire building, installation of a sprinkler system, installing fire-bells, installing fireproof glass, repairs to chimney, necessary repairs to porch, repair of cement works and repair to roof."

"It is hereby agreed between the parties herein that the granting of this lease is conditioned upon the due making of the above alterations and repairs, time being of the essence of this contract; . . ."

That pursuant to said agreement the lessees, Hattie Bennett and Rose Feder, entered into a contract with the appellees Marquiss, Esbey and Ulrich to make the necessary improvements and alterations which were required by the appellant, American Islam Society, Inc., in said lease; that the appellees Marquiss, Esbey and Ulrich completed the improvements and in due time filed their mechanic's lien for labor and material furnished, which are the basis of this appeal. It is contended by the appellant that they are not a party to the contracts under which the improvements were made; that they never, at any time, promised or agreed to pay the contract prices for such services, and they never authorized the improvements. The appellant further contends that the evidence shows nothing more than an inactive consent on their part as to the improvements of this parcel of real estate. They further contend that in the absence of some evidence to show that they, as owners of the real estate, authorized and directed the improvements of the building, there can be no liability against them or their real estate for the improvement made. In the case of *Snelling et al.* v. *Wortman, Receiver, et al.* (1940), 107 Ind. App. 422, 24 N. E. 2d 791, upon which appellant relies, it is stated:

"The law governing the liability of the owner of real estate for improvements made thereon seems to be well established. This court has frequently held that:

" 'In order that a lien may attach to real estate for material used in a building erected thereon, it is necessary that such material should be furnished by the authority and directions of the owner, and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against it.' *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 99, 1 N. E. 2d 286. See also *Courtney* v. *Luce* (1936), 101 Ind. App. 622, 200 N. E. 501; *Natl. Brick Co.* v. *Russell* (1934), 99 Ind. App. 53, 190 N. E. 614; *Morgan* v. *Brightwood Lumber Co.* (1937), 104 Ind. App. 4, 7 N. E. 2d 525.

"This same rule is announced by our Supreme Court in the following language:

" 'Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of the property. *But where the vendor has been active and instrumental in having the improvements made the lien will attach to the real estate where the vendee failed to carry out his contract of purchase.' Better Homes Co.* v. *Hildebrand Hardware Co.* (1930), 202 Ind. 6, 11, 171 N. E. 371." (Our emphasis)

It will be noted from the above language that the lien may attach if the owner of the real estate has been active and instrumental in having the improvements made. If there is such evidence then under the well-recognized rules, this court will not weigh the evidence and reverse the finding of the trial court upon a disputed question of fact. *Wickersham* v. *Woehlecke* (1935), 100 Ind. App. 270, 195 N. E. 291; *Prudential Ins. Co.* v. *Martin* (1936), 101 Ind. App. 320, 196 N. E. 125; *Butz* v. *Lyle* (1936), 101 Ind. App. 331, 197 N. E. 700; *Abrams* v. *Silver, supra.* The authorities relied upon by the appellant involved situa-

tions where the improvements were made solely upon the initiative of the lessee and to the making of which the lessor merely consented. The lease in this case required, as a part of its consideration, that the lessee make improvements of substantial benefit to the lessor. In our opinion this is more than a mere inactive consent on the part of the lessor, and having acquiesced in the making of the improvements a different rule applies.

In 36 Am. Jur., §93, p. 73, the rule is stated:

"The lessor's interest . . . may be subject to a mechanic's lien by reason of the lessee's contract where the lease contemplates the making of improvements by the lessee, especially where such improvements are a substantial benefit to the lessor, as well as where the lessee obligates himself to make improvements at his own expense."

In *Arctic Lumber Co.* v. *Borden* (1914), 211 Fed. 50, it is stated as follows:

"It is the general rule that where a lease contains a provision authorizing the lessee to make improvements by deducting the costs thereof from the rent, or where part of the consideration of the lease is the making by the lessee of improvements which became a part of the realty, or that the improvements made by the lessee shall revert to the lessor, a mechanic's lien may attach to the property for work done or materials furnished, pursuant to a contract with the lessee."

Other authorities to the same effect are *Myers* v. *Strowbridge Estate Co.* (1916), 82 Ore. 29, 160 Pac. 135; *Ward* v. *Nolde* (1914), 259 Mo. 285, 168 S. W. 596; *Carey-Lombard Lumber Co.* v. *Jones* (1900), 187 Ill. 203, 58 N. E. 347, 350; *Hacken* v. *Isenberg* (1918), 210 Ill. App. 120; *Barclay* v. *Wainwright* (1878), 86 Pa. St. 191; *Hall* v. *Parker* (1880), 94 Pa. St. 109;

*Denniston, etc., Co.* v. *Brown* (1918), 183 Iowa 398, 167 N. W. 190; *Laird* v. *Moonan* (1884), 32 Minn. 358, 20 N. W. 354.

This is the rule in this state as announced in *Rader et al.* v. *A. J. Barrett Company et al.* (1915), 59 Ind. App. 27, 108 N. E. 883; *Mancourt* v. *Wissel et al.* (1925), 83 Ind. App. 313, 146 N. E. 423; *Robertson* v. *Sertell* (1928), 88 Ind. App. 591, 161 N. E. 669; *Better Homes Company* v. *Hildebrand Hardware Company et al.* (1930), 202 Ind. 6, 171 N. E. 321.

It seems to us on the record herein that the appellant leased its building to tenants of doubtful financial responsibility and that the lease required them to make improvements amounting to several thousand dollars. The lease was surrendered shortly thereafter and the appellants have obtained the benefit of the improvements. The facts illustrate the justice of the rule applied herein. To hold otherwise would permit appellant to unjustly enrich itself at the expense of appellees.

Therefore, there is sufficient evidence to sustain the finding of the court and its decision is not contrary to law.

Judgment affirmed.

Crumpacker J., dissents as to judgment of Eddy Esbey doing business as Eddy Esbey Plumbing and Heating Service.

NOTE.—Reported in 132 N. E. 2d 620.